HON. JAMES BARRETT, ⎫
HON. HOYT H. WHEELER, ⎬ ASSISTANT JUDGES.
HON. JONATHAN ROSS, ⎭

---

JOHN HARVEY, JR., *v.* JAMES C. STEVENS.

*Auctioneer. Statute of Frauds. Memorandum. Auction Sale.*

G., the auctioneer at an auction sale of the property of H., caused to be entered by his clerk, as the sales were made, the articles sold, the names of the buyers and the prices at which the articles were sold, in a book headed, on the inside of the front cover, "John Harvey's Auction Sale Book." *Held* that this memorandum was sufficient to satisfy the requirements of the statute of frauds, and therefore bound the parties upon a contract of sale made by the auctioneer.

GENERAL ASSUMPSIT to recover the price of a mowing machine bid off by the defendant, at an auction sale, at $50. Plea, the general issue, and trial by jury at the December term, A. D. 1869, of the Orange county court, PECK, J., presiding. Verdict for

the plaintiff and exceptions by the defendant. The other facts in the case are sufficiently stated in the opinion of the court, except that one of the witnesses for the plaintiff stated upon cross-examination that it was his impression that it was in some way made known by the plaintiff that six months credit would be given, if asked for, upon all sales over $5, but the witness could not tell from whom he got the impression. There was no evidence that the defendant asked for any credit.

*A. M. Dickey*, for the defendant.

The sale in question was within the statute of frauds, and the memorandum of the auctioneer's clerk was not a sufficient compliance with the requirements of the statute. *Morton* v. *Dean*, 13 Met., 385; *O'Donnell* v. *Leeman*, 43 Maine, 158; Chitty on Contracts, 70–71 and notes; *Hicks* v. *Whitman*, 12 Wend., 548; *Kenworthy* v. *Schofield*, 2 B. & C., 945; *Phillips* v. *Bristolli*, 2 B. & C., 511; Gen. Sts., ch. 66, § 2.

The memorandum required in order to satisfy the statute, in this case, should contain the full terms of the contract, that is, the names of the buyer and seller, the subject of sale, the price and the terms of credit, and the conditions of sale, if there be any. *Champion* v. *Plummer*, 1 Bos. & Pul. N. R., 154; Story on Contracts, § 341; *Kain* v. *Old*, 2 Barn. & Cres., 627; *Elmore* v. *Kingscote*, 5 Ib., 583; *Saunderson* v. *Judson*, 2 Bos. & Pul., 238; *Hinde* v. *Whitehouse*, 7 East., 558; Browne on Frauds, § 374, and cases there cited in notes.

The memorandum must be sufficiently clear to express the whole contract, without resort to verbal testimony, since otherwise the very object of the statute would be frustrated. And the only purpose for which verbal testimony is admitted in relation to the memorandum is to interpret and explain technical terms where they are employed. *Birch* v. *Depeyster*, 4 Camp., 385; *Johnstone* v. *Usborne*, 11 Adolphus & Ellis, 549; Phill. & Ames on Evidence, 738–9.

It is well settled that where a writing has been made necessary by statute to the validity of a contract, the whole will fail of effect unless every material point can be shown with certainty by

written evidence. *Parkhurst* v. *Van Cortland*, 1 Johns. Ch., 273 ; *Abeel* v. *Radcliffe*, 13 Johnson, 297 ; *Parish* v. *Koons*, 1 Parsons's Eq., 79 ; *Licroy* v. *Wiggins*, 31 Ala., 13 ; *Bentham* v. *Cooper*, 5 M. & W., 621 ; 2 Smith's Leading Cases, 318.

*C. W. Clarke*, for the plaintiff.

It is now well settled that the auctioneer is the agent of both parties, the seller and the buyer,—the agent of the seller to offer for sale and accept the bid, and of the buyer to complete the contract by entering the sale upon the sale book, and signing the buyer's name, and his memorandum thus made of the description of the article sold, the price, and the name of the person to whom sold, is sufficient to satisfy the requirements of the statute. *Simon* v. *Motivos*, 3 Burr., 1921 ; *Hinde* v. *Whitehouse*, 7 East, 558 ; *Kenworthy* v. *Schofield*, 9 E. C. L., 406 ; 1 Green. Ev., § 269, cases cited ; Story on Agency, § 27 ; 2 Parsons on Cont., 292 ; Chitty on Cont., 364 ; Browne on Fr., § 369, cases cited ; *Johnson* v. *Roberts*, 30 E. L. & Eq., 234 ; *Bap. Church* v. *Bigelow*, 16 Wend., 28.

The clerk of the auctioneer is clothed with the same authority as his master, and an entry by him under the direction of the auctioneer is sufficient. Browne on Frauds, § 369 ; *Bird* v. *Boulter*, 4 B. & Ad., 443 ; *Bap. Church* v. *Bigelow*, 16 Wend., 28 ; Chitty on Cont., 354, note ; *Frost* v. *Hill*, 3 Wend., 386.

The memorandum admitted in evidence in this case is sufficiently full and explicit to answer the requirements of the statute. Browne on Frauds, § 348 ; Ib., §§ 347, 328, 382 ; *Geary* v. *Physic*, B. & C., 234 ; *Bap. Church* v. *Bigelow*, 16 Wend., 28.

The opinion of the court was delivered by

BARRETT, J. The case shows that the book in question was the memorandum book of the auctioneer, in which the entries of the sales, as they were made by him, were actually and correctly made by his clerks, under and by his direction. No claim is made that the entries were not correctly made, nor that they are not as effectual in law as if they had been made by the auctioneer himself ; and it is conceded that the auctioneer is the agent of

both parties to the auction sale, for the purpose of making the memorandum in writing required by the statute of frauds. So the only question to be decided in this case is, whether a sufficient memorandum, in point of substance, is shown. The memorandum shown and relied on by the plaintiff is that book of the auctioneer. The *book* was offered in evidence. On the face of the exceptions, we are to assume that it was the book as it is now, and that regard is to be had to such of its contents as go to constitute it a memorandum of the sale of the property in question. It is headed on the inside of the cover on the front of the book, " John Harvey's Auction Sale Book." On the first page, at the top, begins the entry of each article sold, the buyer and the price, and it is continued to the bottom of the ninth page, where is entered the mowing machine, the defendant's name, and the price,—the same as in all other cases ; and the like entry of other sales follows for some five or six pages. Now it seems to us that the book plainly contains the names of the seller and the buyer, the article sold, and the price at which it was sold :—all which, translated into full expression, would read that " John Harvey had sold to James C. Stevens a mowing machine for $50 "—which means *cash down*. And there is nothing shown that such were not the terms of the sale, for the shadowy suggestion of some announcement as to credit on sums over five dollars, if asked, lacks any force in this case by reason of there being no evidence that the defendant asked for any credit. It thus constitutes all that is required by the language and intent of the statute and of the decided cases, as constituting a memorandum effectual to charge the parties upon the contract of sale made by the auctioneer. *Sarl* v. *Bourdillon*, 37 E. L. & E., 415, is entirely in point as to the sufficiency of the memorandum, so far as the names of the parties to the sale are required to be contained in it, and by analogy, as to its sufficiency in respect to the terms of the sale.

The judgment is affirmed.