# EPPICH *v.* CLIFFORD.

*(In the Supreme Court of Colorado, Spring Term, 1883—Error to the District Court of Arapahoe County).*

SPECIFIC PERFORMANCE—STATUTE OF FRAUDS. The following memorandum in writing, viz:

"DENVER, Dec. 17, 1880.
"Received of E. the sum of twenty-five dollars, part payment for lots 1, 2, 3, in block 28, C. & E. addition to Denver. Consideration, $2,000.
   "(Signed),                           M. C.
                                        "By G. & Co., Agents."

Is sufficient to take the contract out of the statute of frauds, and the contract imported by said memorandum will be specifically enforced.

HELM, J.    This action was brought by plaintiff in error in the Court below for the specific performance of a contract to sell real estate.    A demurrer was sustained to the complaint and the action dismissed.    The only statement in writing concerning said contract is the following:

"DENVER, Dec. 17, 1880.
"Received of Christoph A. Eppich, the sum of twenty-five dollars, part payment for lots 1, 2, 3, in block 28, Case & Ebert's addition to Denver.    Consideration, $2,000.
                    "MICHAEL CLIFFORD,
                    "Per A. M. Ghost & Co., Agents."

But one error is assigned; it presents for our consideration the sufficiency of the foregoing receipt as a note or memorandum to avert a bar of the action, under section 8 of our statute of frauds and perjuries.

This section provides that:   "Every contract for the leasing for a longer period than one year, or for the sale of any lands or any interest in lands, shall be void unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party by whom the lease or sale is made."

The exact form of the note or memorandum above mentioned is immaterial; and a receipt is sufficient if it contain the essential elements of the contract.    Either party may act by an agent; and in some cases both are so represented; as where the memorandum is that of the auctioneer who conducts the sale.

It has been held under a similar statute that the note or memorandum must show on its face, or by reference to other writings: First, the names of the parties—vendor and vendee; second, the terms and conditions of the contract; third, the interest or property affected; and, fourth, the consideration to be paid therefor. *McConnell* v. *Brillhart*, 17 Ill., 361, and cases there cited; *Wood* v. *Davis*, 82 Ill., 313.

Does the instrument to which objection is made in this case sufficiently comply with the foregoing requirements as to the contract? No fault can be found with the description therein of the premises; where no particular portion of the property is mentioned, the whole of the grantor's interest therein is presumed to have been intended. (Fry on Specific Performance, section 223). The consideration is clearly stated to be $2,000, upon which a payment of twenty-five dollars is shown to have been made. It is equally clear that defendant in error is the vendor, and that he acted through Ghost & Co., his agents. So our inquiry is narrowed to two questions: First, does the receipt show on its face who the vendee or purchaser is? and, secondly, does it sufficiently state the terms and conditions of the contract? Failing in either of these requirements, it is fatally defective.

No greater particularity can be required in a memorandum like the one under consideration than would be necessary in the contract if the effort had been made to formally and fully reduce it to writing; and the same rules of construction are equally applicable to both; if the names and intention of the contracting parties can be determined with *reasonable certainty* from the language of the instrument, and a valid contract is thereby clearly disclosed, specific performance may be decreed thereon. We are not prepared to accept the position taken in *Sheid* v. *Stamps*, 2 Sneed, 176, cited by counsel, concerning language similar to that in the memorandum before us; the degree of particularity required by that opinion is rarely found in written contracts, unless drawn with all the care and skill of an experienced legal mind; that case would seem to call for more than reasonable certainty in the language of the instrument. Some presumptions of fact are allowable, even in the action for specific performance; and when one is shown

by proper evidence to have negotiated and consummated a transaction, and to have advanced money in connection therewith, the presumption fairly arises that he acted for himself, in the absence of evidence disclosing an agency. This instrument states that defendant in error received from plaintiff in error the sum of twenty-five dollars, part payment for lots Nos. 1, 2 and 3. The natural and legitimate inference, in the absence of anything to the contrary, is, that plaintiff in error was himself the purchaser. In *Evans* v. *Prothero,* 13 Eng. Law & Eq. R., 163, and in *Ross et al.* v. *Baker,* 72 Pa. St., 186, it was expressly held that receipts exactly like the one before us in this respect, sufficiently stated the names of the purchasers.

Upon the remaining question we encounter more difficulty in arriving at a satisfactory conclusion. There is considerable conflict in the cases, and we might sustain either view as to the sufficiency of the receipt in stating the terms of the contract, by citations of authority.

We have seen that the receipt shows with reasonable certainty that plaintiff in error contracted to purchase from defendant in error the property described therein; that the consideration therefor was $2,000, and that a partial payment of twenty-five dollars was made thereon. The instrument seems to have been intended to be something more than a mere receipt, for after it is complete for that purpose, the unnecessary expression, "consideration $2,000," is inserted. Yet it does not declare when the deed was to be executed and delivered, nor when or how the balance of the purchase money was to be paid. Is this a fatal defect? If not, the terms of the contract are sufficiently certain, and the demurrer should have been overruled.

"In the absence of any evidence that credit was to be allowed, the memorandum may be silent in that respect, and a sale for cash will be presumed." Brown on the Statute of Frauds, Sec. 383.

"The presumption of law in the absence of an express stipulation is, that it (the sale) was for cash, payable on a tender of a deed." *Fessenden, Admx.,* v. *Mussey,* 11 Cush., 127.

"There being no time limited either for paying the price or

executing the deed, the conclusion is, that either party may presently insist on carrying the contract into execution. The vendee might tender his money, and demand a deed, or the vendor might tender his deed and demand the money, without delay." *Smith* v. *Jones,* 7 Leigh. (Va.), 165.

The following cases substantially hold the foregoing rule of presumption: *Warren* v. *Wheeler et al.,* 8 Met. (Mass.), 97; *Harvey* v. *Stearns,* 43 Vt., 653; *Atwood* v. *Cobb,* 16 Pick., 227; *Treibert* v. *Burgess et al.,* 11 Md., 452.

None of the cases above cited on this point are similar in the form of action to the one before us; they are nearly all actions of assumpsit or debt, and three of the memoranda referred to are made by auctioneers who conducted the sales. But in all, the statute of frauds was relied upon as a defense, and the contracts interpreted under statutes substantially the same as our own.

In section 229 of Fry on Specific Performance, it is said that "an amount of certainty must be required in the specific performance of a contract in equity greater than that demanded in an action for damages at law." The correctness of this proposition is not unchallenged; in the note to *Atwood* v. *Cobb,* 26 Am. Dec., 663, the following language is used with reference thereto, viz: "It may be doubted, however, * * * * whether there has been any practical recognition of any such distinction by the Courts."

But the "amount of certainty" mentioned by Mr. Fry has no reference to the number of terms or conditions essential to a valid contract. He refers to the certainty or particularity with which the essential elements or terms thereof are stated or proven. The same essential terms are necessary in a written contract to render it valid in an action thereon at law as would be required to secure the specific performance thereof in equity. If a written contract which states no time for the payment of a balance of the purchase money is valid in the action of assumpsit thereon, it is equally so in that of specific performance. If the presumption that such sum is due on demand prevails in the former action, we have no hesitancy in declaring that it also controls in the latter. If this is one of the terms of a contract implied by presumption in the one in-

stance, the memorandum being silent, it is also an implied element in the other.    (See Fry on Spec. Perf., Sec. 223, *supra*, note *z*).    If the memorandum showed that the sale was upon a credit, but failed to state the terms of such credit; or if in the statement of terms it was indefinite or uncertain, specific performance would be refused; but the memorandum being entirely silent, a sale for cash will be presumed, in such action as this, to have been intended.

Interpreting the receipt in this case in the light of the foregoing rule of presumption, we conclude that it is sufficient; and that the balance of the purchase price was to be paid in cash upon tender of the deed.    This is the averment of the complaint.

The judgment will be reversed and the cause remanded.

*Reversed.*

*Herr & Clements*, for appellant.
*Decker & Yonley*, for appellee.