## THE COLORADO SPRINGS LIVE STOCK COMPANY v. GODDING.

1. SALES.

While it has been held in some of the cases that the acceptance by the purchaser of an article appropriated by the seller according to the terms of an executory contract of sale is necessary to pass title, the weight of authority is that the appropriation by the seller of an article, when completed in accordance with the terms of the contract, passes title without the subsequent assent of the purchaser, and that an action for the agreed price can be maintained.

2. APPELLATE PRACTICE—PRESUMPTION.

When the testimony is not preserved in the bill of exceptions, the presumption is that it was sufficient to support and justify the judgment rendered.

*Appeal from the District Court of Weld County.*

Mr. JAMES W. McCREERY and Mr. WILLIAM HARRISON, for appellant.

Mr. BYRON L. CARR and Mr. F. P. SECOR, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

This action is brought by Talmai F. Godding against The Colorado Springs Live Stock Company to recover for a certain quantity of alfalfa delivered in the year 1889, in pursuance of the following agreement:

" This agreement, made and entered into this 10th day of

July, 1888, by and between John E. Godding, of the county of Bent and state of Colorado, party of the first part, and The Colorado Springs Live Stock Company, a corporation organized and existing under and by virtue of the laws of the state of Colorado, party of the second part: That the said John E. Godding, in consideration of the agreements herein named, to be kept and performed by the said party of the second part, hereby agrees to and does sell to the said party of the second part, the entire crop of alfalfa to be raised by the said party of the first part on his ranch in the county of Weld and state of Colorado, known as the Godding ranch, seven miles east of Longmont, Colorado, during the years 1888, 1889 and 1890, in consideration whereof the said party of the second part agree to buy the said alfalfa upon the following terms and conditions: The said party of the first part shall cut and stack the said alfalfa in the proper season on the said ranch in Weld county, and after each cutting of said alfalfa shall have been in the stack for a term of sixty days, shall be measured and the said party of the second part shall thereupon receive the same, and after the said alfalfa shall have been stacked for the term of sixty days, and shall be duly measured, it shall be paid for by the said party of the second part at the rate of five and $\frac{50}{100}$ dollars per ton (the tonnage to be determined by what is known as the seven and one half foot measurement), in the following manner: Two dollars thereof when the same is delivered (and the cutting and stacking of each crop of alfalfa and retaining the same in stack for sixty days shall, for the purposes hereof, constitute a delivery) and the balance, to wit, the sum of three and $\frac{50}{100}$ dollars per ton, on the first day of April following the delivery thereof; and it is expressly agreed and understood that in consideration of the purchase of it of the said alfalfa, that the said party of the second part shall have the privilege of pasturing stock on the ranch of the party of the first part, in Weld county, each year, for the term mentioned in the agreement, from the time of the

late cutting of alfalfa, for, during and until the new grass starts in the following year. * * *

"It is expressly understood that this contract shall bind the heirs and assigns of the said party of the first part and the successors and assigns of the said party of the second part.

"In witness whereof," etc.

The agreement is set forth *in hæc verba* in the complaint. The plaintiff alleges that the same was duly assigned to him by John E. Godding, with full knowledge and consent of the company, and that plaintiff had performed all the conditions and stipulations to be kept and performed by his assignor; and further alleges :

"That during the year 1889 the plaintiff cut and stacked the said crop of alfalfa, on the said ranch, and after each cutting of the same had been in stack for the term of sixty days (to wit, on or about the 1st day of October, 1889), caused the same to be measured and the tons thereof determined in the manner provided in said contract, and thereby delivered the same to defendant according to the terms of the said contract, and demanded of the defendant payment of the first installment due thereon, and the defendant failed and refused to pay the same."

To the complaint a demurrer was interposed by the company, upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled. The defendants answered. The case was tried to the court without a jury and judgment rendered in favor of plaintiff.

The testimony introduced upon the trial is not preserved by a bill of exceptions, and the appellant relies solely for a reversal of the judgment upon the ground that the complaint does not state a cause of action, the contention being that the contract is executory and that an action will lie only for damages for its breach, and that upon the allegations of the complaint a recovery for the purchase price for the sale and delivery of the alfalfa cannot be sustained. This con-

tention is clearly without merit. While the contract was executory so far as it undertook to provide for the sale of alfalfa for three successive years, it clearly appears from the allegations of the complaint that its terms were fully performed by the plaintiff, in so far as the delivery of the hay for the year 1889 was concerned.

By the terms of the contract it was expressly provided what acts on the part of plaintiff should constitute a delivery of the hay, and a strict and full performance of those acts on his part is alleged.

While it has been held in some of the cases that the acceptance by the purchaser of an article appropriated by the seller according to the terms of an executory contract of sale is necessary to pass the title, the weight of authority is that the appropriation by the seller of an article, when completed in accordance with the terms of the contract, passes the title without the subsequent assent of the purchaser, and an action for the agreed price can be maintained. We think the complaint sufficiently states such a cause of action, and, since the testimony is not before us, we must assume that it was sufficient to support the averments and justify the judgment rendered.

The further point relied upon by appellant, that the company, by notifying plaintiff prior to the cutting and stacking of the hay in question, that it would not accept or receive any hay grown for the year 1889, thereby rescinded the contract, is not tenable. There is no allegation that plaintiff agreed to such a rescission, or in any way consented to relieve the defendant from the obligation of its contract.

No error appearing upon the record as presented, the judgment will be affirmed.

*Affirmed.*