Bissell, J.,
delivered the opinion of the court.
*352 This case legitimately proffers one or two phases of a most interesting and difficult question, which has been raised in many actions wherein the contract which was the subject of the suit was claimed to be within the statute of frauds. When the contract concerns the sale of goods and chattels, it has frequently been necessary to determine whether the character of the thing sold was to be ascertained by its form at the time fixed for delivery, or to be settled by its condition as it might have been at the date of the execution of the contract. This query has been subject to modification in certain classes of cases wherein there was an agreement to perform work and labor on the chattel, or there was some necessity to do work whereby there would be a change in the essential nature or form of the material. We shall not enter on this discussion. We shall confine the case to very narrow limits. The true criterion by which to settle the applicability of the statute may possibly be found in the situation at the date fixed for delivery. Whether this be or be not true, there can be no doubt the present contract is in no sense brought within the precedents which hold the statute inoperative where work or labor is to be done to reduce the material to the form in which it is to be delivered to the vendee. Cooke et al. v. Millard et al., 65 N. Y. 352; Finney v. Apgar, 31 N. J. Law, 266 ; Downs v. Ross, 23 Wend. 269 ; Gardner v. Joy, 9 Metc. 177 ; Lamb v. Crafts, 12 Metc. 353 ; Bacon v. Parker et al., 137 Mass. 309; Edwards v. The Grand Trunk Ry. Co., 48 Me. 379; Brown v. Sanborn, 21 Minn. 402; Prescott v. Locke, 51 N. H. 94.
The present case is entirely analogous in all of its leading features to those which have been cited. Assuming it was within the contemplation of the parties that the ties should be prepared from standing timber, or from logs which had been cut, the work to be done was in no sense the personal labor of the contracting party, and so far as it may be controlled by the terms of the contract, the agreement could as well have been fulfilled by the purchase and delivery of the ties specified as by their preparation from logs, or the reduc *353 tion of standing trees to the form of ties. It was not agreed between them that Dell should cut, manufacture, and deliver, but it was simply an agreement to deliver so many ties of fixed dimensions and of certain descriptions at a named price. The contract does not even approach what are sometimes called “ border line cases,” to which it is exceedingly difficult to satisfactorily apply well settled rules. No well considered modern case has treated an agreement like this as outside the statute. We therefore conclude the agreement was within it and subject to its provisions.
The circumstance that the number 40,000 is mentioned concurrently with the specification of red spruce ties does not operate to aid the contract and render it valid. The contract is to be taken as an entirety and indivisible, and whatever it contains must be taken to be parts of one and the same thing, and we must from all its terms be able to conclude what the parties had agreed respecting each mentioned item. Scott v. The Eastern Counties Ry. Co., 12 M. & W. 31; Baker v. Higgins, 21 N. Y. 397; Clark v. Baker, 5 Metc. 452.
While we regard the memorandum a's wanting in some of the essential elements of a valid contract, we do not place our conclusion as to its insufficiency on the neglect to state the time at which the material was to be delivered. The contract is so entirely defective that we do not care to enter into the discussion of this very troublesome question. Many well considered cases hold the law will supply any omission to state the time within which goods are to be delivered, and hold a contract performable within what the law would adjudge to be a reasonable time after the goods are called for. The same rule might apply if goods were to be delivered at a particular place, and the offer of delivery was within what the law would term a reasonable time subsequent to the execution of the agreement. Salmon Falls Mfg. Co. v. Goddard 14 How. 446.
It is quite possible this principle might not be applicable-to the present case, and that it is within the rule which re *354 quires a definite statement o£ the date of performance, because there is some mention made of the time of delivery in the memorandum. We prefer to leave this question unnoticed, because the other defects are more manifest and less troublesome.
All agree the terms of the bargain must be so stated as to render it possible therefrom to gather what the parties have agreed to. Tested by this very general rule, which is sufficient for our purpose, a simple inspection of the memorandum will demonstrate its insufficiency. We are unadvised by its terms what number of ties of the various descriptions were agreed to be delivered by the contracting party. If the 40,00'0 is referable only to the red spruce ties, then the agreement is absolutely silent as to what the parties contracted respecting the dry and green white spruce, and the culls or the sets or the lumber. If the number is to be taken as applicable to all the different varieties, we cannot ascertain what part of each the parties contracted for. There is the same difficulty with respect to the number of switch sets which were to be furnished, the number of culls which were to be delivered, and the amount of lumber which Dell was to supply. There was no agreement to supply a certain definite thing, or a certain number of articles of a particular description of the various sorts specified, nor did the Railroad Company agree to accept specific articles of a given number or quantity. If the company had brought suit against Dell for the specific performance of the contract, it would have found insuperable difficulty to furnish a basis on which the court could decree a .performance. Under these circumstances, the other party must be subject to a like difficulty when he brings an action to recover damages for a failure to perform. The necessity to express .the subject-matter of the contract in the memorandum, or some other writing to which reference is made, is pretty generally acknowledged. 1 Reed on Stat. of Frauds, secs. 418, 216; Bailey & Bogert v. Ogden, 3 Johns. 398 ; Breaid v. Munger et al., 88 N. C. 297; Cummer v. Butts, 40 Mich. 322; Ross v. Purse, 17 Colo. 24; Eppich v. Clifford, 6 Colo. 493.
*355 There is considerable doubt whether this memorandum is a contract at all, or amounts to anything more than an offer to sell, which might or might not be accepted by the Railroad Company, as they should determine. The nature of the memorandum and many of its features would tend strongly to support the appellee’s contention that such is its inherent character. Without deciding this precise question, we do hold the memorandum insufficient to take the case out of the operation of the statute, and the district court did not err in holding it void and unenforceable.
The district court committed no error in the trial of the case, and its judgment will therefore be affirmed.

Affirmed.