## CONTRACT OF PURCHASE RELIEVED FROM OPERATION OF STATUTE OF FRAUDS.

Circuit Court of Cuyahoga County.

ELITA E. PECK v. ELIZABETH D. OSBORN.

Decided, November 6, 1907.

*Specific Performance—Statute of Frauds—Receipt for Portion of Purchase Money Sufficient Writing.*

A receipt for a sum of money, which recites that it is to apply upon the purchase price of property at a certain street and number is sufficient to take the contract out of the operation of the statute of frauds.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

In this appeal a motion for judgment was made by the defendant at the close of the plaintiff's evidence upon the ground that the writing by which the plaintiff endeavors to prove the contract for the sale of real estate herein sought to be specifically enforced is insufficient under the Statute of Frauds. We took this motion under advisement to see if the case is not substantially ruled by a former decision of this court rendered in February or March of the January term, 1902, in the case of *Power* v. *Heinze*, No. 3332, affirmed without report, 74 O. S., 502. Upon examination of that case we find that writing then held sufficient presented practically the same difficulties as that in the case now before us, save that the mutual promises to purchase and sell were there more explicit. The location of the property and the amount to be paid therefor were very meagerly expressed in the receipt for the down payment, which was the writing relied on. In holding a similar receipt sufficient now we do not go beyond that case except in inferring mutual promises to buy and sell from the express. mention of a "consideration" or "purchase price," upon which the down payment is to apply and inferring that Mrs. Osborn who receipted for the money is the seller and Mrs. Peck from whom the money is expressed to have been received is the purchaser. In making these inferences we but fol-

low the same rule of reasonable presumption that was applied in *Power* v. *Heinze, supra.* The same rule of construction was thus applied in the case of *Eppick* v. *Clifford,* 6 Colo., 493, which is on all fours with the case before us. Although there is some contrariety of authority on this question, we conceive that our Supreme Court has settled the rule in this state. We will exclude all evidence offered by the plaintiff except that adduced to identify the parties and prove the execution of the following document, and such further evidence as the plaintiff may care to introduce to identify the property mentioned therein with that described in the petition. Upon production of this evidence the motion for judgment will be overruled.

The writing referred to is as follows:

"CLEVELAND, OHIO, Feb. 4, 1907.

"$50.00

"Received of T. T. Lewis, account E. Peck,

Fifty ........................................ Dollars

to apply on purchase price of 1840 E. 82d St.

"Consideration $8375.00.

"ELIZABETH D. OSBORN."