[No. 6946.]

BOND v. BOURK.

1.  STATUTE OF FRAUDS—*Sale of goods*—An agreement by one person to construct an article for, and according to the plans of another, at an agreed price, is a contract for work and labor and not within the statute of frauds. *Ellis v. D. L. & G. R. R. Co.*, 7 Colo. App. 352, distinguished.

2.  MEASURE OF DAMAGES—*Purchaser Refusing to Accept an Article Manufactured for Him According to His Plans*—The rule is practically universal in this country that where a purchaser refuses, without legal justification, to accept an article manufactured to his order, after special design, the vendor may, at his election, hold the article for the purchaser and recover the contract price with interest.

And the purchaser is not allowed advantage of the non-performance by the vendor of conditions, the performance of which he himself has prevented, e. g., where, the article being a soda fountain, the defendant has refused to permit the plaintiff to install it, as the contract required.

Nor will the purchaser be allowed the benefit of a stipulation that some part of the price shall be paid in installments, at future times specified.

The tender of the article, and plaintiff's election to sue for the contract price, vests title in defendant for the purposes of the action.

*Error to Denver District Court.*—Hon. CARLTON M. BLISS, Judge.

Mr. HARRY E. KELLY and Mr. CHARLES H. HAINES, for plaintiff in error.

Mr. JOHN H. REDDIN and Mr. J. R. ALLPHIN, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

In substance the complaint alleges that on or about March 10th, 1908, plaintiff Bourk entered into an oral agreement with defendant Bond, to manufacture and deliver to the latter a soda water fountain of certain dimensions and particular design, to be manufactured by A. H. and F. H. Lippincott, of Philadelphia, except the marble counter and

base and the superstructure and wooden base, which were to be made by the Eureka Marble Works and J. P. Paulsen, respectively, Denver firms, all in accordance with certain specifications furnished by the Philadelphia company; that defendant agreed, in payment therefor, to deliver to the plaintiff a certain second-hand soda water fountain and apparatus, of the agreed value of $126, and the sum of $930, $45 thereof in cash, $140 thereof on delivery of the new fountain, and the balance in equal monthly instalments, for which notes were to be given, payment to be secured on the fountain; that defendant, upon tender of the new fountain, refused to accept it, or permit it to be installed, or to make the cash payments, or execute the notes, or to in any way perform his part of the agreement; and that the fountain is held by plaintiff as the property of the defendant. The complaint also sets out a memorandum agreement in evidence of the oral one, which on its face appears to be a contract between A. H. and F. H. Lippincott and the defendant. It was on a printed form used by the Lippincotts, filled in to conform to the alleged agreement. It is further averred that the names A. H. and F. H. Lippincott, wherever they appear therein, should be erased and the name of the plaintiff inserted in lieu thereof. Damages were prayed at the agreed price of the fountain. The defendant admitted that he signed the memorandum agreement set out in the complaint, but denied that it was a contract with plaintiff; also admitted that he refused to deliver the old fountain or accept the new, or to permit plaintiff to put it up, or to make the cash payments or execute the notes, and denied all other allegations. The second defense is a general denial. The third defense alleges non-compliance with, and non-performance by plaintiff of, the provisions of the agreement. The replication puts in issue all new matter in the answer. A jury found for the plaintiff upon the issues tendered, and assessed his damage at $1,105.28, being the contract price with interest. Judgment was entered accordingly, and the defendant brings the case here for review on error.

Defendant contends that there was no contract between himself and the plaintiff, as alleged, or at all; and further, that if the agreement set out in the complaint is held to be between plaintiff and defendant, still there was a failure by plaintiff to perform the conditions thereof binding on him, and no recovery can be upheld.

The jury, under full and correct instructions, found that the contract was made by the parties as alleged in the complaint, and also that plaintiff had fully complied with its terms, completed the fountain according to specifications, offered to deliver the same within the time specified, and set it up as required by the agreement. These findings have ample support in the evidence, and are conclusive on review. So that it must be accepted as settled that the contract is as set forth by plaintiff, and that he had fully complied, or was ready, able and willing to comply, with all of its provisions binding on him.

It is urged that there can be no recovery, because there was no sufficient written agreement between the parties, as required by the statute of frauds, that every contract for a sale of "goods, chattels or things in action" for the price of $50 or more shall be void unless a note or memorandum thereof be made in writing and subscribed by the parties to be charged therewith. Is the contract within the statute of frauds?

The fountain which the plaintiff agreed to manufacture and deliver was of particular dimensions and finished after a special design furnished by a third party. It does not appear that it was such an article as the plaintiff manufactured or produced for general trade purposes, nor does it appear that he manufactured such an article in the ordinary and usual course of business. The wood work was to be furnished by one party, the marble work by another, and the working parts by still another; all of which plaintiff contracted to assemble and deliver to the defendant, in the form of a complete new soda water fountain after a special design, peculiarly adapted

for the use to which, and in the place where, defendant had planned to put it. The prevailing rule in American courts is that an agreement by one to construct an article particularly for and according to the plans of another, whether at an agreed price or not, although the transaction is to result in a sale of the article, is a contract for work and labor. The contract is for the manufacture and sale of a thing made to suit the fancy and serve the particular convenience and purpose of the defendant, without a market value for use in general trade, and therefore, although the agreement might result in the production and sale of a chattel, is one for work and labor, and not within the statute of frauds.—*Heintz v. Burkhard*, 29 Oregon 55; *Flynn v. Dougherty*, 91 Cal. 669; *Goddard v. Binney*, 115 Mass. 450; *Meincke v. Falk*, 55 Wis. 427; *Gross v. Heckert*, 120 Wis. 314; *Forsyth v. Mann*, 68 Vt. 116; *Bird v. Muhlinbrink*, 1 Rich. Law (S. C.) 199; *Donnell v. Hearn*, 12 Daly (N. Y.) 230; *Parker v. Schenck*, 28 Barb. (N. Y.) 38; *Higgins v. Murray*, 73 N. Y. 252; *Meyer Bros. Drug Co. v. McKinney*, 121 N. Y. Sup. 845; *Mead v. Case*, 33 Barb. (N. Y.) 202; *Moore v. Camden Granite & Marble Works*, 80 Ark. 274; *Pratt v. Miller*, 109 Mo. 78; 29 Am. & Eng. Ency. Law, pp. 964, 965; and 20 Cyc., pp. 241, 242. In this view it becomes unnecessary to determine whether the memorandum referred to is a sufficient compliance with the requirement of the statute of frauds under consideration.

The agreement before us is clearly distinguishable from the one considered in the case of *Ellis v. D. L. & G. R. R. Co.*, 7 Colo. App. 352, based upon a contract to make railroad ties, which could have been bought in the open market, are variously produced and sold in the ordinary course of trade, and such as are in use by railroad companies generally.

The court instructed the jury that the measure of damage was the contract price of the article to be furnished, to-wit, $1,056.00, with interest at the rate of six per cent. per annum from May 10th, 1908, the time limit within which

delivery was to be made. The defendant objects to this instruction as improperly stating the rule. The plaintiff pleaded and proved a tender of the property constructed according to the terms of the contract, and an offer to set it up, in exact compliance with the agreement, and the jury so found. He also, to the satisfaction of the jury, established his ability and willingness to do this, and showed that the only reason for failure of delivery was the refusal of the defendant to permit him to set the fountain up, or to pay for or receive it on any terms or at all. The plaintiff then and there elected to hold the fountain as the property of the defendant and sue for the contract price, and gave notice accordingly. The rule is practically universal in this country, that where a purchaser refuses, without legal justification, to accept, when tendered, an article manufactured to his order, after a special and particular design, the vendor may, at his election, hold the property for the purchaser and sue for recovery of the contract price, such article being presumptively without a market value. The rule here announced as the measure of damage is intended to be limited to the particular facts of this case, and to cases involving a like or kindred state of facts. The English rule is different, and has been followed in two or three of our states, notably Maine and Vermont.

On the contention that no title passed to the defendant, the weight of authority is that, although a contract for a sale of a chattel provided that title should not pass until settlement is concluded, and it is accepted by the seller, still after a tender of delivery the seller may maintain an action for the agreed price. The tender of delivery and election to sue for the contract price vests title in the defendant, at least for the purposes of an action like this. Defendant repudiated his contract when he notified plaintiff that he would not receive or pay for the fixture, and would not permit it to be put up in his store; and he waived the conditions that the payments were not to be made or the notes executed until the fixture was set up. Plaintiff thereupon was entitled to sue for the

contract price, without reference to the fact that the apparatus had not been set up; that is, the defendant cannot take advantage of the non-performance of the conditions by plaintiff which he himself has prevented him fulfilling. Plaintiff stands, and at all times has stood, ready to deliver the fixture, finished and set up precisely as agreed upon, and there is no apparent sound or valid reason why he should not recover the amount which the defendant specifically undertook to pay therefor. Plaintiff has obtained from the Lippincotts the working parts of the fountain, and Paulsen and the Eureka Marble Works have carried out their contracts with him, and he has either paid, or is obligated to pay, for the work so done and materials so supplied. Defendant is not liable to these parties; that liability is solely upon plaintiff, and they must look to him for their respective claims, and he in turn ought, as a matter of common fairness, to be saved harmless on his contract. The defendant alone is in default; he has deliberately repudiated his contract to the damage of plaintiff, and we are unable to see how a more just, natural or proper measure of that damage can be found than the amount named in the original contract and fixed as the actual value to the defendant of the article furnished. Under such circumstances substantial justice can only be done by permitting the plaintiff to recover the agreed price, which is, in effect, simply requiring the defendant to live up to his contract. If the defendant does not want the property, he is at liberty to protect himself, should he desire to do so, by disposing of it, and that burden is properly upon him, rather than upon the plaintiff. These conclusions are abundantly supported by the following well considered cases.—*Magne's v. Sioux City N. & S. Co.,* 14 Colo. App. 219; *Colo. Springs L. S. Co. v. Godding,* 20 Colo. 249; *Mitchell v. LeClair,* 165 Mass. 308; *Bookwalter v. Clark,* 11 Bissell (Fed.) 126; *Ballentine v. Robinson,* 46 Pa. 177; *Black River Lumber Co. v. Warner;* 93 Mo. 374; *Range Co. v. Mercantile Co.,* 120 Mo. App. 438; *Shawhan v. Van Nest,* 25 Ohio St. 490; *Crown Hill Vinegar and Spice Co. v.*

*Wehrs,* 59 Mo. App. 493; *Bement v. Smith,* 11 Wend. (N. Y.) 492; *Schwarzer v. Karsch Brewing Co.,* 77 N. Y. Sup. 719; *Moore v. Potter,* 155 N. Y. 481; *Smith v. Wheeler,* 7 Ore. 49; *Register Co. v. Hill,* 136 N. C. 272; *American Soda Fountain Co. v. Gerrers' Bakery,* 14 Ok. 258; *Meagher Co. v. Cowing,* 149 Mich. 416; *McCormick Harvesting Machine Co. v. Markert,* 107 Iowa 340; *Kinkead v. Lynch,* 132 Fed. 692; *Gaar, Scott & Co. v. Fleshman,* 38 Ind. App. 490; 3 Sutherland on Damages, 3rd Ed., sec. 649.

The judgment is affirmed.

Mr. JUSTICE MUSSER and Mr. JUSTICE WHITE concur.