## No. 11,532.

KIDDY AEROPLANE CORPORATION *v.* KRESS, ET AL.

Decided March 26, 1926.   Rehearing denied April 19, 1926.

Action in replevin.   Judgment for defendants.

*Affirmed.*

*On Application for Supersedeas.*

1.   REPLEVIN—*Title—Possession.*   In the absence of delivery or a tender of delivery, there is no title vested in the party for whom goods are manufactured.

2.   SALES—*Title.*   Under a contract of sale title does not pass while the contract is yet executory.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. CHARLES E. FRIEND, for plaintiff in error.

Mr. EDWARD V. DUNKLEE, Mr. C. EDGAR KETTERING, for defendants in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action in replevin. Judgment for defendants. Plaintiff brings the case here, and applies for a supersedeas.

The parties entered into a contract whereby defendant Edward Kress Construction Company agreed to "build complete and ready for sale," at no expense to plaintiff, 1,000 "Kiddy Aeroplanes." Plaintiff agreed to sell such manufactured articles, and out of the proceeds of the sales pay defendant for building them. Defendant built forty-five of such Kiddy Aeroplanes, furnishing its own labor and material therefor. These are the chattels in controversy.

The sole question presented is whether plaintiff has such right to the possession of the property as may be enforced in replevin.

The contract is construed in various ways. The construction most favorable to plaintiff would be that the contract was one for work and labor, on the part of defendant, since plaintiff had the right to the exclusive manufacture, sale and distribution of the articles, and defendant agreed to build them according to plans and specifications furnished by plaintiff and to deliver them to plaintiff. *Bond v. Bourk,* 54 Colo. 51, 54, 129 Pac. 223, 43 L. R. A. (N. S.) 97, Ann. Cas. 1914C, 581. Plaintiff contends that it has title to the Kiddy Aeroplanes manufactured, citing the above case. That case, however, simply holds that a tender of delivery of goods and election to sue for the contract price, vests the title in the party for whom the goods are made "for the purposes of an action" to recover the purchase price. In the absence of delivery or a tender of delivery, there is no title vested in the party for whom the goods are manufactured. The situation is the same as in the case of a

sale. Title does not pass while the contract is yet executory. *Brown v. Sheedy,* 90 Ore. 74, 175 Pac. 613, 616.

The judgment for defendant was right. The application for a supersedeas is denied and the judgment is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.