## No. 12,995.

SALIBA *v.* REED ELECTRIC COMPANY.
(8 P. [2d] 1095)

Decided February 15, 1932. Rehearing denied March 14, 1932.

Messrs. HUNTER & BELL, for plaintiff in error.

Messrs. McHENDRIE & SHATTUCK, for defendant in error.

*In Department.*

MR. JUSTICE ALTER delivered the opinion of the court.

THE Reed Electric Company, a corporation, will hereinafter be referred to as plaintiff, and Gabriel Saliba as defendant.

Plaintiff sued defendant in the district court to recover damages for an alleged breach of contract, and recovered judgment, to review which defendant prosecutes this writ.

The complaint alleged that plaintiff and the defendant entered into an oral agreement for the sale and purchase of a second-hand electric refrigerator, and the installation thereof, for the sum of $400; that the refrigeration plant, if the same had been installed, would have been affixed to the freehold, in which defendant was conducting his business, and would have constituted a trade fixture; that plaintiff commenced work, preliminary to the installation of the refrigerator, and was stopped by defendant who, thereupon, abrogated and cancelled said contract of purchase, and refused to pay plaintiff the agreed purchase price. Plaintiff further alleged repeated but unsuccessful efforts upon its part to sell the refrigerator to others, and that now the same has no market value.

Defendant, for a first answer and defense, admitted the oral agreement, as alleged by plaintiff; admitted the abrogation and cancellation thereof by defendant, and also his refusal to permit the delivery and installation of the refrigeration plant, and his refusal to pay the agreed price therefor; and denied all other allegations in plaintiff's complaint. Defendant then alleged certain false and fraudulent representations, the consideration of which we deem unnecessary for the determination of this cause.

Defendant, for a second answer and defense, after formal parts, alleged certain facts which, if admitted or proven, would make the oral agreement void and unenforceable under the provisions of subdivision fourth, section 5111, C. L. 1921.

The replication was a general denial of all new matters alleged in the answer.

Plaintiff's evidence disclosed that it was a Colorado corporation engaged in the electrical business, as a part

of which electric refrigerators were sold, exchanged and installed; that it was about to acquire, from a third party, the refrigerator involved herein, as a part of the purchase price of a new refrigerator; that the refrigeration plant herein involved consisted of a motor and two coils, and that these are identical with those usually manufactured for the general trade and were not especially manufactured and adapted for use in defendant's place of business; that plaintiff would not have acquired the second-hand refrigeration plant unless defendant had agreed to purchase the same. Plaintiff's evidence further disclosed that the contemplated price for which the refrigeration plant was sold was $325, and that the installation and overhauling of the same would be $75; that the refrigerator would be installed and ready for use as a refrigeration plant when the compressor was bolted to the floor, the coils placed in the ice-box with bolts, some copper tubing run from the ice-box to the compressor, and the tubing and switchboard fastened in place with nails.

The undisputed evidence herein was that no note or memorandum of the contract was reduced to writing and subscribed by defendant; that defendant did not accept or receive all or part of the article contracted for, and that no part of the purchase price was paid.

· The sole question for determination here is whether or not the subject-matter of the contract was "* * * goods, chattels * * *" within the meaning of subdivision fourth, section 5111, C. L. 1921; if so, plaintiff must fail; otherwise prevail.

The only case in this jurisdiction, helpful to us in the determination of the question herein, is *Bond v. Bourk,* 54 Colo. 51, 54, 129 Pac. 223, 43 L. R. A. (N. S.) 97, Ann. Cas. 1914C, 581, wherein it is said: "The prevailing rule in American courts is that an agreement by one to construct an article particularly for and according to the plans of another, whether at an agreed price or not, although the transaction is to result in a sale of the article,

is a contract for work and labor. The contract is for the manufacture and sale of a thing made to suit the fancy and serve the particular convenience and purpose of the defendant, without a market value for use in general trade, and therefore, although the agreement might result in the production and sale of a chattel, is one for work and labor, and not within the statute of frauds." Citing numerous cases.

In 23 R. C. L. 1224, et seq., is found an exhaustive treatise on the subject. At page 1224, it is stated that in the American jurisdictions there are two distinct rules; one of these is known as the Massachusetts rule, the other as the New York rule. The Massachusetts rule is therein stated to be: "A contract for the sale of articles then existing, or such as the seller in the ordinary course of his business manufactures or procures for the general market, whether on hand at the time or not, is a contract for the sale of goods, to which the statute applies; but if the goods are to be manufactured for the buyer, on his special order, and not for the general market, it is not a contract of sale." The New York rule is therein stated to be: "That an agreement for the sale of any commodity not in existence at the time, but which the seller is to manufacture or put in a condition to be delivered, is not a sale within the prohibition of the statute of frauds."

We note that among the cases cited as authorities in *Bond v. Bourk, supra,* some from Massachusetts and some from New York are found, which leads to the inevitable conclusion that in our jurisdiction, we have elected to follow neither, but have adopted a rule which embodies principles from both these jurisdictions.

In the instant case, it is admitted that the article in question was not manufactured for the special use of defendant, but it was an article of the ordinary, usual and general type and size used in refrigeration plants, and it was so designed as to be adaptable for use generally in cooling systems using a motor and coils of this size

and design. The component parts of this cooling system could be purchased from any dealer handling this particular make of refrigerators. The refrigerator was not made to the order or according to the plan and design of defendant, but, according to plaintiff's evidence, was in use in another meat market at the time plaintiff acquired title to the same. The fact, if it be such, that, when installed, the refrigeration plant would become a trade fixture, is wholly immaterial in the determination of the question of the applicability of the statute of frauds to this particular case.

We believe the correct rule to be that when the subject-matter of the oral contract is an article which is such as the seller usually carries as a part of his stock in trade, as distinguished from one to be manufactured for special use and according to a particular plan and design, it comes within the purview of subdivision fourth, section 5111, C. L. 1921.

We are aware that a different rule has been adopted in other jurisdictions; but in this jurisdiction, we are bound by the rule in *Bond v. Bourk, supra*.

The judgment is accordingly reversed, with instructions to the trial court to dismiss the action at plaintiff's costs.

MR. CHIEF JUTICE ADAMS, MR. JUSTICE CAMPBELL and MR. JUSTICE HILLIARD concur.