**COLORADO CARPET INSTALLATION, INC., d/b/a Sierra Range Carpets, Inc., a Colorado corporation, Plaintiff-Appellee,**

v.

**Fred PALERMO and Zuma Palermo, Defendants-Appellants.**

**No. 81CA0436.**

Colorado Court of Appeals, Div. I.

March 18, 1982.

Rehearing Denied April 1, 1982.

Certiorari Granted June 14, 1982.

Worstell & Wyatt, Louis A. Weltzer, Denver, for plaintiff-appellee.

Joseph P. Constantine, Denver, for defendants-appellants.

COYTE, Judge.

Defendants appeal from a judgment entered against them for damages for breach of contract. We reverse.

The evidence revealed that plaintiff and defendants negotiated for plaintiff to furnish and install carpeting and tile in the defendants' home. Plaintiff submitted several bids to defendants one of which defendant Zuma Palermo orally accepted. Plaintiff then ordered the carpeting and tile from various companies. When the tile arrived, plaintiff delivered it to defendants' home and left it there until the house was ready for it to be laid. When plaintiff's employee arrived to install the tile, a dispute developed and defendant Zuma refused to let plaintiff proceed with the job. Plaintiff removed the tile. Subsequent negotiations proved futile and plaintiff instituted this action.

Defendants contend that plaintiff's claim is barred by the application of § 4–2–201, C.R.S.1973 (the statute of frauds), in that the contract was for the sale of goods with a value in excess of $500 and was not signed by the party to be· charged. We agree.

The trial court found that the contract came under the specially manufactured goods exception to the statute of frauds and was therefore enforceable notwithstanding the lack of a signed writing. However, the specially manufactured goods exception applies only when goods are not a stock item and are unsuitable for sale to others in the ordinary course of business. See § 4–2–201(3)(a), C.R.S.1973; *Saliba v. Reed Electric Co.*, 90 Colo. 287, 8 P.2d 1095 (1932).

Here, the carpeting was a standard item carried by a number of carpeting distributors. It was not specially cut to fit the particular dimensions of defendants' rooms, but rather, was taken off a full roll of carpeting. The plaintiff was able to resell two of the rugs which fact further indicates that it was suitable for sale to others in the ordinary course of business. *See Saliba v. Reed Electric Co., supra.*

Thus, the trial court erred when it found the carpeting came within the specially manufactured goods exception to the statute of frauds.

Plaintiff argues that the trial court's judgment may also be upheld under the part performance exception to the statute of frauds. We disagree.

While part performance can be sufficient to remove the bar of the statute of frauds, it will remove only that portion of the contract which relates to goods which have actually been received and accepted. Section 4–2–201, C.R.S.1973 (Official Comment 2); 3 U.C.C.Serv. (MB) § 2.04[4][c] at 2–92.

Here, the tile was the only item which was delivered to and initially accepted by the defendants. However, plaintiff removed the tile, and payment for the tile forms no part of plaintiff's present claim. As the carpeting was neither received nor accepted by the defendant, the part performance exception cannot apply to validate that portion of the contract.

Plaintiff also argues that the contract was exempt from the operation of the statute of frauds because it was primarily a service rather than a sale of goods contract. We disagree.

A contract which contemplates both the performance of services and the sale of goods must be examined to determine whether its primary purpose is the sale of goods or the rendition of services. *See Bonebrake v. Cox*, 499 F.2d 951 (8th Cir. 1974). If the primary purpose of the contract is the sale of goods and the performance of services is merely incidental, then the statute of frauds will bar any claim which lacks the requisite writing. *See Bonebrake v. Cox, supra.*

Here, the unsigned contract between the parties reveals that the primary thrust of the contract was the sale of carpeting. The invoices detailed the quantities, types, and prices for each item ordered. The major portion of the contract price was the cost of the carpeting, rather than the labor needed to install it. On most invoices, the labor charge was included in the total price charged for the carpeting. Furthermore, all correspondence between the parties refers to the buyer and seller. This language indicates that the plaintiff considered the contract to be primarily a sale of carpeting with the installation services being merely incidental to that sale. Hence, under these circumstances, it is apparent that the contract was primarily one for the sale of goods. Plaintiff's claim is thus barred by the operation of the statute of frauds, § 4–2–201, C.R.S.1973.

Judgment reversed.

PIERCE and SMITH, JJ., concur.