OMAHA PAPER STOCK COMPANY, INC., A NEBRASKA CORPORATION, APPELLANT, v. MARTIN K. EBY CONSTRUCTION CO., INC., A CORPORATION, APPELLEE.

230 N. W. 2d 87

Filed May 22, 1975. No. 39813.

Frederick S. Cassman of Abrahams, Kaslow & Cassman, for appellant.

Thomas Walsh of Walsh, Walentine & Miles, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Plaintiff appeals from an order of dismissal entered when it elected to stand on its amended petition to

which the trial court had sustained defendant's demurrer. The sole issue presented is when did plaintiff's cause of action accrue and the statute of limitations commence to run? We affirm.

On October 1, 1968, fire substantially destroyed plaintiff's warehouse, when no water flowed into its sprinkler system due to an underground break at some unknown point along the waterline. In October 1971, plaintiff discovered that its waterline had ruptured due to the settling of a 10-foot interceptor sewer laid by the defendant in 1960. Plaintiff predicates this action on the alleged negligent construction of that sewer in 1960. Plaintiff contends the sewer was constructed immediately over its waterline without adequate clearance or support and that its waterline ruptured due to the settling of this interceptor sewer.

Section 25-207, R. R. S. 1943, is the controlling statute herein. It provides as follows: "The following actions can only be brought within four years: (1) An action for trespass upon real property; (2) an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; (3) an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated; and (4) an action for relief on the ground of fraud, but the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud, except as provided in sections 76-288 to 76-298."

The period of limitations for plaintiff's tort action is 4 years. For the purposes of this appeal we accept the premise on which this case was presented by the parties. Did the statute commence to run on October 1, 1968, when plaintiff was actually damaged, or October 1971, when plaintiff learned what caused the break in its waterline?

Plaintiff analogizes its situation to our flood and overflow cases where we have held that the right to damages for an obstruction of a stream by an insufficient culvert

or drain does not accrue when the structure is built, but when the overflow actually results. See Schmutte v. State (1946), 147 Neb. 193, 22 N. W. 2d 691. Actually there is no analogy. In those cases we hold the statute begins to run when the injury actually occurs. Plaintiff here is contending for a discovery of cause rule which is an entirely different matter from the occurrence of the damage or injury.

It is to be noted that in subsection (4) of section 25-207, R. R. S. 1943, the cause of action in a case involving fraud does not accrue until the discovery of the fraud. Subsection (3) is not so limited. Plaintiff is seeking to have us read into subsection (3) the point for which it is contending, the cause of action shall not be deemed to have accrued until the discovery of the existence of the wrongful act. We decline to do so.

Plaintiff knew by October 1, 1968, that a break had occurred in its waterline. It would seem reasonable to believe when plaintiff discovered that "no water flowed from the 8-inch water line to the automatic sprinkler systems" some attempt would have been made promptly to trace the cause. Plaintiff slept on whatever rights it may have had for 3 years. When the waterline was excavated for rebuilding purposes in October 1971, plaintiff discovered what it now claims was the cause of the break. This was well within the statutory period assumed by the defendant and the court to be applicable. Still, plaintiff waited until March 7, 1973, or approximately 17 months thereafter, to file its petition herein.

In Patterson v. Renstrom (1972), 188 Neb. 78, 195 N. W. 2d 193, we were urged to extend the discovery rule followed in malpractice and fraud cases to an action for damages as the result of publication of alleged slanderous, libelous, and defamatory letters. We declined to do so.

Plaintiff alleges that "the cause of the damage to the 8-inch water line did not manifest itself or become apparent until October of 1971" and contends this should

toll the statute. Plaintiff knew October 1, 1968, that some of its fire damage was attributable to the fact that no water flowed from its waterline into its sprinkler system. Even in malpractice and fraud cases where a discovery rule is applied, it is not the actual discovery of the reason for the injury which is the criteria. In those cases we have consistently held that discovery means discovery of facts constituting the basis of the cause of action *or* the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery. Patterson v. Renstrom (1972), 188 Neb. 78, 195 N. W. 2d 193.

It is the statute that makes the discovery rule applicable in fraud cases. It is true, this court has made it applicable in cases involving medical malpractice. However, this was done because of strong public policy considerations which set those cases apart from other torts. This is sufficiently noted in Spath v. Morrow (1962), 174 Neb. 38, 115 N. W. 2d 581. Those same public policy considerations are not present here. To apply the discovery rule to a situation such as this would effectively defeat the purpose which is responsible for limitation of actions. An action for an injury to the rights of the plaintiff accrues under section 25-207, R. R. S. 1943, when the damage occurs and not when plaintiff discovers the cause of the damage.

The defendant's demurrer to plaintiff's amended petition was properly sustained. The trial court was correct in entering an order of dismissal when plaintiff elected to stand on its amended petition. The judgment is therefore affirmed.

AFFIRMED.