GRAND ISLAND SCHOOL DISTRICT #2 OF HALL COUNTY, NEBRASKA, A POLITICAL SUBDIVISION, APPELLANT, V. THE CELOTEX CORPORATION ET AL., APPELLEES.

279 N. W. 2d 603

Filed May 29, 1979. No. 42052.

Clayton H. Shrout of Shrout, Christian, Krieger & Merwald, for appellant.

James A. Beltzer of Luebs, Dowding, Beltzer & Leininger, for appellees Johnson Builders, Inc. and St. Paul Fire & Marine Insurance Company; Robert L. Berry of Kennedy, Holland, DeLacy & Svoboda, for appellee Shaver and Company; John B. Henley of Henley & Henley, for appellees The Celotex Corporation, The Travelers Indemnity Company, and the Jim Walter Corporation; and W. G. Blackburn of Cunningham, Blackburn, VonSeggern, Livingston & Francis, for appellee Krause Roofing and Sheet Metal, Inc.

Heard before BOSLAUGH, BRODKEY, and WHITE, JJ., and SPENCER, Retired Justice, and COADY, District Judge.

WHITE, J.

Appellant, Grand Island School District #2, brought this action to recover damages arising from a leaky roof installed on the Barr Junior High School building. The appellees, defendants below, were sued un-

der various theories of liability. Those involved in the design, supervision, construction, or supply of materials for the building or the roof were Johnson Builders, Inc. (hereinafter Johnson), Shaver and Company (hereinafter Shaver), Krause Roofing and Sheet Metal, Inc. (hereinafter Krause), and The Celotex Corporation (hereinafter Celotex). Johnson entered into a written contract with the school district as general contractor on the building. Johnson was to construct the building in accordance with the specifications of Shaver, the architect. Shaver also had the duty to inspect the work at intermittent stages. Johnson subcontracted the roofing work to Krause. Celotex supplied to Krause the roofing material known as the "Bond Ply" system. Also joined as defendants were: The Travelers Indemnity Company, which issued a limited guaranty bond on the roof; the St. Paul Fire and Marine Insurance Company, surety for Johnson under a performance and maintenance bond; and the Jim Walter Corporation, parent corporation to Celotex.

The defendant Krause demurred to plaintiff's amended petition, alleging it did not state facts sufficient to constitute a cause of action. The sustaining of the demurrer was not assigned as error in this court nor was it discussed in the plaintiff's extensive brief or its reply brief. The order sustaining the demurrer is therefore affirmed. Consideration of the cause in this court is generally limited to errors assigned and discussed. Rule 8 a 2 (3), Revised Rules of the Supreme Court, 1977; Cofer v. Perkins, 199 Neb. 327, 258 N. W. 2d 807.

Each of the other defendants moved for summary judgment on the basis that the various statutes of limitations had run. The District Court sustained the motions. We affirm.

Construction on Barr Junior High School began in 1966. In 1967, the roof on the building was completed. The building was occupied in the summer of

that year and all construction was completed shortly after classes started in the fall. The first leaks in the roof appeared in late 1968. Then, according to the plaintiff, there began a cycle of complaints by the plaintiff to the defendants and independent parties, repairs to the roof which alleviated the leaks for a period of months, and then the appearance of new leaks. This cycle continued until July 1976 when an engineering consultant took samples of the roof and related to the school board its opinion that the insulation boards beneath the roofing membrane had not been taped; that the insulation and membrane were not in compliance with specifications; that there was little or no adhesion between the insulation boards and the underlying concrete deck; and that the roof had not been properly vented. This suit was instituted a month later on August 4, 1976, and about that same time the school board authorized replacement of the old roof. Other evidence of careless and improper installation was allegedly found when the old roof was removed.

The plaintiff alleged that the defendants, Johnson and Shaver, breached implied warranties and their written contracts with the plaintiff, and that they were negligent in failing to supervise and inspect the installation of the roof to insure that it would meet the contract specifications. Unless a more specific statute of limitations is applicable, actions in tort and actions upon implied contracts, (which would include implied warranty) must be brought within 4 years. § 25-206 and 25-207 (3), R. R. S. 1943. Actions on written contracts can only be brought within 5 years. § 25-205, R. R. S. 1943. The arguments of the plaintiff raise the question of when these statutes of limitations start to run.

The traditional rule is that the statute begins to run as soon as the action accrues, and the cause is said to accrue when the aggrieved party has the right to institute and maintain a suit. In a contract

action this means as soon as breach occurs, and in tort, as soon as the act or omission occurs. These rules would apply even though the plaintiff was then ignorant of the injury sustained or could not ascertain the amount of his damages. See 51 Am. Jur. 2d, Limitation of Actions, § 109, p. 681.

In 1976, the Legislature modified this "accrual" rule as it applies to improvements to real property and adopted instead a partial "discovery" rule.

Section 25-223, R. S. Supp., 1978, provides, in part: "Any action to recover damages based on any alleged breach of warranty on improvements to real property or based on any alleged deficiency in the design, planning, supervision, or observation of construction, or construction of an improvement to real property shall be commenced within *four years* after any alleged act or omission constituting such breach of warranty or deficiency. If such cause of action is not discovered and could not be reasonably discovered within such four-year period, or within one year preceding the expiration of such four-year period, then the cause of action may be commenced within two years from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier." (Emphasis supplied.) The statute's effective date was July 10, 1976, which was prior to the date on which this suit was commenced.

" 'It is well settled that it is competent for the legislature to change statutes prescribing limitations to actions, and that the one in force at the time suit is brought is applicable to the cause of action. The only restriction on the exercise of this power is, that the legislature cannot remove a bar or limitation which has already become complete, and that no limitation shall be made to take effect on existing claims without allowing a reasonable time for parties to bring action before these claims are absolutely barred by a new enactment.' In this case the

court held that there was a reasonable and sufficient time given to bring the action between the time of the passage of the act and the time when it took effect." Educational Service Unit No. 3 v. Mammel, O., S., H. & S., Inc., 192 Neb. 431, 222 N. W. 2d 125, citing Horbach v. Miller, 4 Neb. 31 (1875).

It is clear that if the contract and warranty actions against Johnson and Shaver had accrued at the time of the breach, they were barred by sections 25-205 and 25-206, R. R. S. 1943, prior to the passage of section 25-223, R. S. Supp., 1978. The passage of the latter act would be ineffective to revive those actions.

The applicability of section 25-223, R. S. Supp., 1978, to the cause of action in negligence is less clear, for this court had, prior to its passage, already adopted a discovery rule in certain classes of tort cases. The rule was first applied in workmen's compensation cases alleging latently appearing industrial diseases. The statute was said to run, not from the time of the initial injury, but from the date of discovery of a compensable disability. See Dryden v. Omaha Steel Works, 148 Neb. 1, 26 N. W. 2d 293. In 1955, a federal court speculated that Nebraska would apply "the same liberal rule" when an action was brought in tort for a late blooming case of berylliosis caused by exposure to defendant's product where the defendant was a supplier to plaintiff's employer. See Sylvania Electric Products v. Barker, 228 F. 2d 842 (1st Cir., 1955). In 1962, this court held that the statute of limitations on a medical malpractice action did not begin to run until the plaintiff discovered or through the exercise of reasonable diligence could have discovered that a foreign object had been left in her body after surgery. See Spath v. Morrow, 174 Neb. 38, 115 N. W. 2d 581.

Counsel has not cited, nor do we find, any Nebraska cases where a discovery rule has, without statutory direction, been applied to a statute of limitations question in a cause of action not involving phy-

sical injury. We are prepared to say, however, that even without section 25-223, R. S. Supp., 1978, a discovery rule is applicable to a tort action based on latent defects in improvements to real property. But, even when that point is granted, we are unable to say that the trial court was incorrect in ruling that the statute of limitations had run.

First of all, the period of 4 years after discovery which we would have applied under section 25-207, R. R. S. 1943, was shortened to 2 years after discovery by section 25-222, R. R. S. 1943, and according to the rule of Educational Service Unit No. 3 v. Mammel, O., S., H. & S, Inc., *supra*. It was well within the power of the Legislature to do so. Since the date of enactment and the effective date of the statute were separated by a period of nearly 4 months, the plaintiff was subjected to no unfair surprise. See Horbach v. Miller, *supra*.

In Omaha Paper Stock Co., Inc. v. Martin K. Eby Constr. Co., Inc., 193 Neb. 848, 230 N. W. 2d 87, the plaintiff argued for a discovery rule in a suit against a general contractor. Defendant built a warehouse including a sprinkler system for the plaintiff in 1960. The sprinkler failed to work during a fire on October 1, 1968, and the warehouse was destroyed. In October 1971, the plaintiff discovered that the sprinkler malfunction had been caused by a broken waterline which had in turn been caused by the settling of a sewer alleged to have been negligently installed by defendant at the time of construction. Plaintiff waited until March 1973 to file suit. It was faced by section 25-207, R. R. S. 1943, the general statute of limitations for negligence: "The following actions can only be brought within four years: * * * (3) an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated; * * *."

In the above opinion by Spencer, J., this court held that even if a discovery rule was applied, the plain-

tiff's action was commenced too late. What was said there is instructive on the case at bar: "Plaintiff knew by October 1, 1968, that a break had occurred in its waterline. It would seem reasonable to believe when plaintiff discovered that 'no water flowed from the 8-inch water line to the automatic sprinkler systems' some attempt would have been made promptly to trace the cause. Plaintiff slept on whatever rights it may have had for 3 years. * * * Even in malpractice and fraud cases where a discovery rule is applied, it is not the actual discovery of the reason for the injury which is the criteria. In those cases we have consistently held that discovery means discovery of facts constituting the basis of the cause of action *or* the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery. Patterson v. Renstrom (1972), 188 Neb. 78, 195 N. W. 2d 193."

Applying this rule to the instant case, the actions based on the alleged negligence of defendants Johnson and Shaver were barred unless the school district could not reasonably have discovered the negligence prior to August 4, 1974, 2 years prior to the commencement of the suit.

The evidence presented to the trial court on the motion for summary judgment was so replete with evidence that the plaintiff could have discovered the defects prior to that date, that we feel no real issue of fact could be said to exist. Depositions of the superintendent of the school district and the principal of Barr Junior High School indicated leaks appeared in 1968 soon after occupation of the building and continued intermittently until this action was commenced. Beginning in 1969, buckets had to be strategically placed to catch the water which leaked through for several days after each heavy rain. No later than 1971, it was observed that sections of the roof were cracked and blistered and that water pooled in certain areas. These problems were noted

in a 1971 report to the school board by the architectural firm of Wilson & Company. The report expressed the opinion that "the initial application [of the roofing and flashings] shows evidence of carelessness." In 1970, the school board directed its attorney to write letters to Shaver threatening suit. All this indicates that the board was well aware of the problem long before the crucial date of August 4, 1974. The negligence actions against Johnson and Shaver are barred.

Next we turn to the plaintiff's argument that, as against defendant Shaver, its action is not barred because it is based on fraud. An action for relief on the ground of fraud is subject to a 4-year statute of limitations which does not begin to run until discovery of the fraud or of facts sufficient to put a person on inquiry, which, if pursued, would lead to discovery. § 25-207 (4), R. R. S. 1943; Hollenbeck v. Guardian Nat. Life Ins. Co., 144 Neb. 684, 14 N. W. 2d 330. We first note that under the facts disclosed and discussed above, in relation to the negligence claim, the plaintiff was in possession of facts sufficient to put in on inquiry. Furthermore, we do not feel that fraud was properly alleged. The allegation that Shaver "incorrectly represented to the owner by issuing certificates of payment that the work had progressed to the point indicated * * * " was just one of many allegations contained in the breach of contract cause of action. Finally, the allegation fails to state, as it must, that the facts were not discovered within the initial 4-year period. See Lee v. Brodbeck, 196 Neb. 393, 243 N. W. 2d 331.

Two causes of action were brought against defendant Celotex, the manufacturer of the roofing system. The first alleged that Celotex breached its implied warranty that the roofing system was fit for the purpose intended. An action for breach of warranty or other breaches of a contract for the sale of goods are subject to the statute of limitations found at § 2-725,

U. C. C. The action must be commenced within 4 years after tender of delivery is made, regardless of the aggrieved party's lack of knowledge of the breach. Under that rule, the breach of warranty action against Celotex would clearly be barred since the suit was not commenced until 9 years had passed after delivery of the roofing. There is, however, an exception to the rule stated above, and plaintiff claims it is operable here: "* * * where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." § 2-725 (2), U. C. C. The exception applies only where the seller *explicitly* states, for example, that the product will "last for 10 years." Although its reason for doing so is not clear, the plaintiff contends that the 20-year guaranty bond on the roof "is an explicit, express warranty that the roof on Barr would be trouble-free for that period of time, except for ordinary wear and tear," and that it "is an explicit reference to the future performance of the roof." This contention is not supported by a reading of the bond. Under the bond, the surety guarantees that for 20 years it will "repair or cause to be repaired, leaks developing in the Roof which are caused by ordinary wear and tear by the elements." The bond is further expressly limited to an aggregate amount of $3,045. No action is brought on the bond itself, and the argument that it constitutes a general warranty on the goods explicitly extending to future performance is rejected. Any action based on breach of warranty for the sale of the roofing materials, not having been commenced within 4 years of tender of delivery, was barred by § 2-725, U. C. C.

In its second cause of action against Celotex, plaintiff alleges that Celotex was negligent in manufacturing, testing, and marketing the roofing materials. We are not certain that the cause of action,

despite its label, does not sound in warranty for loss of benefit of the bargain rather than tort. See Hawkins Constr. Co. v. Matthews Co., Inc., 190 Neb. 546, 209 N. W. 2d 643. But even if it is a properly stated cause of action, it alleges ordinary negligence. It does not fall within the category of causes to which a discovery rule is applicable under section 25-223, R. S. Supp., 1978. Therefore, the action is barred by the 4-year statute of limitations for tort actions. § 25-207, R. R. S. 1943. That statute, with certain exceptions already mentioned, and not pertinent here, begins to run on the date the cause of action accrues and not on the date of its later discovery.

The record reveals a long and exasperating experience with what was, for whatever reason, a clearly defective roof. The school board attempted to solve the problem, but it did not, as the law requires, commence this action in time. Under every conceivable statute of limitations, and as to all defendants, this action is barred. The judgment of the District Court is therefore affirmed.

AFFIRMED.