REQUESTED BY: Lawrence R. Myers, Executive Director, Nebraska Equal Opportunity Commission.
Does the statute of limitations contained in section20-114, R.R.S. 1943, commence to run on the date of the alleged act of discrimination, or on the date of the complainant's discovery of the cause of action?
The statute of limitations contained in section 20-114, R.R.S. 1943, commences to run on the date of the alleged act of discrimination, irrespective of when the complainant discovered the facts constituting the basis of the cause of action.
Section 20-114, R.R.S. 1943, governs the filing of a charge of discrimination in housing, and the timeliness of such filing. This section reads in pertinent part as follows:
"(1) . . .
"(2) . . .
 "(3) . . . A complaint shall be filed within one hundred eighty days after the alleged discriminatory housing practice occurred or the same shall be waived. . . ."
This section is a statute of limitations of one hundred eighty days. Our Supreme Court discussed commencement of statutes of limitations in the case of Grand Island SchoolDistrict #2 v. Celotex Corporation, 203 Neb. 559,279 N.W.2d 603 (1979). In that case the court discussed two statutes of limitations, section 20-205, R.R.S. 1943, and section 25-206, R.R.S. 1943. Each statute states a limitation on actions in language substantially similar to that in section 20-114, R.R.S. 1943. The court held that the limitation of actions in each case begins to run on the date the cause of action accrues, and not on the date of its later discovery. Id. at 569. In this decision the court stated:
 "The traditional rule is that the statute begins to run as soon as the action accrues, and the cause is said to accrue when the aggrieved party has the right to institute and maintain a suit. In a contract action this means as soon as breach occurs, and in tort, as soon as the act or omission occurs. These rules would apply even though the plaintiff was then ignorant of the injury sustained, or could not ascertain the amount of his damages. See, 51 Am.Jur.2d, Limitations of Actions,
p. 109, page 681." Id. at 562-563.
In this case, the court also considered the statute of limitations contained at section 25-207, R.R.S. 1943, which contains the following language:
 "The following actions can only be brought within four years: (1) . . .; (2) . . .; (3) . . .; (4) an action for relief on the ground of fraud, but the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud. . . ."
Even under this type of statute, the court stated in quoting from Omaha Paper Stock Company, Inc. v. Martin K. Eby ConstructionCompany, Inc., 193 Neb. 848, 230 N.W.2d 87
(1975), that this was not as long as might first appear:
 "`[W]e have consistently held that discovery means discovery of facts constituting the basis of the cause of action, or the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry, which if pursued, would lead to the discovery. . . .'" (Emphasis added.) Grand Island School District #2 v. Celotex, supra at 566.
There is a line of cases supporting the proposition of law that a statute of limitations does not begin to run until discovery of the cause of action. Gerner v. Mosher,58 Neb. 135, 78 N.W. 384 (1899). However, this is generally the rule only where the statute so provides. Omaha PaperStock Company, Inc. v. Martin K. Eby Construction Company,Inc., supra at 851. The court in that case in holding that the cause of action accrued when the damage occurred, and not when the plaintiff discovered the cause of damage, stated:
 "It is the statute that makes the discovery rule applicable in fraud cases. It is true, this court has made it applicable in cases involving medical malpractice. However, this was done because of strong public policy considerations which set those cases apart from other torts. . . .
 These same public policy considerations are not present here. To apply the discovery rule to a situation such as this would effectively defeat the purpose which is responsible for limitation of actions."
 Id.
The court in Grand Island School District #2 v.Celotex, supra, stated:
 "Counsel has not cited, nor do we find, any Nebraska cases where a discovery rule has, without statutory direction, been applied to a statute of limitations question in a cause of action not involving physical injury. . . ." Id. at 564-565.
It is our opinion that the decision in Grand IslandSchool District #2 v. Celotex, supra, governs the interpretation of section 20-114, R.R.S. 1943, and that the period within which the complainant must file his complaint is one hundred eighty days from the date of the discriminatory practice. This is emphasized by the statement in the statute that reads that without meeting this condition precedent, this cause of action, `shall be waived.' It is further emphasized that by the strict language defining time limitations in section 20-114, R.R.S. 1943, as well as the remainder of the Nebraska Civil Rights Act of 1969. From a reading of this statute, it is evident that it was designed to provide a remedy for discrimination in housing which was immediate. See sections 20-115 through 20-119, R.R.S. 1943. Extension of the statute of limitations by application of a discovery rule, would be inconsistent with the purposes and the other provisions of this act.