**B.A. SMITH and Wilma S. Smith, d/b/a Basco and Dorrington's, Inc., a Colorado Corporation, Plaintiffs-Appellees,**

v.

**UNION SUPPLY COMPANY, a Colorado Corporation, and Urethane Foam Applicators, Inc., a Colorado Corporation, Defendants-Appellants.**

**No. 81CA0406.**

Colorado Court of Appeals,
Div. III.

Dec. 15, 1983.

Richard L. Whitworth, Wheatridge, for plaintiffs-appellees.

Philip E. Lowery, P.C., Philip E. Lowery, Scot W. Nolte, Denver, for defendants-appellants.

TURSI, Judge.

The defendants, Union Supply Company and Urethane Foam Applicators, Inc., appeal the judgment of the trial court awarding $13,815.65 to the plaintiffs, B.A. Smith and Wilma S. Smith, d/b/a Basco, and Dorrington's, Inc. The defendants' sole contention on appeal is that the plaintiffs' action on the contract is barred by the applicable statute of limitations. We disagree and affirm.

The defendants and plaintiffs entered into a contract in July 1971 whereby the defendants agreed to furnish the materials and supply the labor for the installation of a new roof on the plaintiffs' building. The contract contained the following clause:

> "Roof surface and installation shall be guaranteed unconditionally for a period of five years and any leakage occurring within that time shall be promptly repaired or replaced by Union Supply Co. and/or its proper division without cost to contractor or owner."

The roof was completed on July 30, 1971. In the fall and winter of 1971, the roof developed leaks. Pursuant to the contract, and a "Urethane Foam Maintenance Guarantee" which was executed at the time the roof was completed, repairs were made by the defendants. Over the following two years, additional leaks developed in the roof which also were repaired by the defendants. Because of continual leakage problems, an attorney for the plaintiffs sent a letter to the defendants in September 1975 demanding that they honor the contractual guarantee. Further repairs were made by the defendants in October 1975.

The roof continued to develop leaks which prompted an August 31, 1976 meeting between the defendants and the plaintiffs. Plaintiffs requested that the defendants sweep and re-coat the entire roof. The defendants refused, stating that the guarantees in the contract were not unconditional. Plaintiffs filed suit on July 11, 1978.

On appeal, the defendants contend that the suit filed by plaintiffs is barred by the statute of limitations. They contend that the action accrued when the plaintiffs first discovered the leaks in the roof in the fall of 1971. Thus, they argue that the action is barred whether the four-year statute of limitations set out in § 4–2–725(1), C.R.S. 1973, or the six-year statute of limitations set out in § 13–80–110(1)(d), C.R.S.1973, is applied. We do not agree.

We accept the defendants' posturing of the issue as an action on a contract for the sale of goods pursuant to § 4–2–102, C.R.S.1973. The materials to be installed on the roof of the plaintiffs' building were "movable at the time of identification to the contract for sale ...." Section 4–2–105(1), C.R.S.1973. Therefore this action is governed by the Uniform Commercial Code, § 4–2–101, et seq., C.R.S.1973. *See Colorado Carpet Installation, Inc. v. Palermo,* 647 P.2d 686 (Colo.App.1982), *aff'd,* 668 P.2d 1384 (1983). *See also Grand Island School District v. Celotex Corp.,* 203 Neb. 559, 279 N.W.2d 603 (1979).

■ The pertinent provisions of § 4–2–725, the sale of goods statute of limitations, provide:

"(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. This period of limitation may not be varied by agreement of the parties. "(2) . . . [W]here a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered."

We conclude that the second provision is applicable here as the contract encompasses a warranty "explicitly" extending to future performance of the goods.

The contract between plaintiffs and defendants provides that the roof shall be guaranteed unconditionally for a period of five years *and* that if any leakage occurs within that time the roof shall be promptly repaired or replaced. *Cf. Grand Island School District v. Celotex Corp., supra.* Thus, the contract contains both a warranty to effect repairs for five years, and an explicit guarantee as to the future performance of the goods. *Grand Island School District v. Celotex Corp., supra.* *See J. White & R. Summers, Uniform Commercial Code* § 11–9 at 419 (2d ed. 1980).

■ The defendants contend that the breach was discovered when the first leak developed in the fall and winter of 1971. We disagree. Section 4–2–725(2) provides that the cause of action accrues "when the breach is or should have been discovered."

"The quoted portion of 2–725(2) applies only in a case in which the warranty 'explicitly extends to future performance.' Presumably such a case would be one in which the seller gave a 'lifetime guarantee' or one in which he, for example, expressly warranted that an automobile would last for 24,000 miles or four years whichever occurred first. If the automobile failed in the 20,000th mile and after three years of driving, the buyer (if he had no notice or knowledge of the defect prior to the failure) would have four years from that date to commence his suit notwithstanding that his suit would then be brought seven years after the sale had occurred." *J. White & R. Summers, supra.*

This reasoning was utilized in *Space Leasing Ass'n v. Atlantic Building Systems, Inc.,* 144 Ga.App. 320, 241 S.E.2d 438 (1977). In determining when the cause of action accrues under a similar statute of limitations provision, the Georgia court stated: " '[I]t is the refusal to remedy within a reasonable time, or a lack of success in the attempts to remedy which would constitute a breach of warranty.' " Thus, we conclude also that in an explicit warranty contract, such as here, the claim accrues, and the statute of limitations begins to run, when the plaintiff discovers or should have discovered the defendant's refusal or inability to maintain the goods as warranted in the contract.

Here, the trial court found that, at the earliest, the plaintiffs' cause of action accrued when their attorney sent the September 1975 letter to the defendants in response to plaintiffs' dissatisfaction with the roof. Since repairs were performed after the letter, this determination, if in error, is in defendants' favor, and therefore, it will not be disturbed. *See Bigler v. Richards,* 151 Colo. 325, 377 P.2d 552 (1963). Thus, the plaintiffs had four years from September 1975 to file suit on the breach of warranty. The plaintiffs timely commenced their action.

Therefore, the judgment of the trial court is affirmed.

STERNBERG and BABCOCK, JJ., concur.