ECONOMY HOUSING COMPANY,
INC., a Nebraska Corporation,
Appellant,

v.

CONTINENTAL FOREST PRODUCTS,
INC., a Corporation, Appellee,

v.

GIRARD CUSTOM COATERS, INC., a
Corporation, The Sherwin Williams
Company, Inc., a Corporation, and
Publishers Forest Products Co. of
Washington, a Corporation.

ECONOMY HOUSING COMPANY,
INC., a Nebraska Corporation,
Appellee,

v.

CONTINENTAL FOREST PRODUCTS,
INC., a Corporation, Appellant,

v.

GIRARD CUSTOM COATERS, INC., a
Corporation, The Sherwin Williams
Company, Inc., a Corporation, and
Publishers Forest Products Co. of
Washington, a Corporation.

Nos. 86–1131, 86–1132.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 16, 1986.

Decided Nov. 13, 1986.

Robert R. Gibson, Lincoln, Neb., for appellant.

Rodney M. Confer, Lincoln, Neb., for appellee.

Before LAY, Chief Judge, TIMBERS,* Senior Circuit Judge, and FAGG, Circuit Judge.

LAY, Chief Judge.

In an earlier review of this case, we vacated the district court's grant of summary judgment for the defendant and remanded the case for trial. *Economy Hous. Co. v. Continental Forest Prods., Inc.*, 757 F.2d 200 (8th Cir.1985). The suit alleges a

---

* The HONORABLE WILLIAM C. TIMBERS, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation.

breach of implied and express warranties arising from the purchase of allegedly defective plywood siding used on exteriors of agricultural buildings. In 1978, Economy contracted to purchase from Continental several thousand sheets of plywood. The complaint alleged that on April 28 and June 19, 1978, Continental delivered the plywood to Economy. In August, 1979, Economy began receiving complaints from its customers that paint was peeling from the panels. Economy filed suit on April 20, 1983, after failing to resolve the problem with Continental. Continental claimed in its answer that the suit was barred by the statute of limitations contained in Neb.Rev. Stat. U.C.C. § 2–725(1) (1980).[1]

In the first appeal, Economy argued that the court had improperly granted summary judgment. We agreed, on the basis of Nebraska law, which provides that a warranty explicitly extending to future performance of goods is not limited by the four-year statute of limitations in § 2–725(1). Instead, the discovery rule of § 2–725(2) applies, and the cause of action accrues when the defect was or should have been discovered. *Grand Island School Dist. # 2 v. Celotex Corp.*, 203 Neb. 559, 279 N.W.2d 603 (1979). On this basis we found that Economy had pled sufficient facts to overcome a motion for summary judgment and that it should have an opportunity to present evidence regarding the nature of the alleged warranty and the intent of the parties at the time they entered into the sale.

After a plenary trial, a jury held for Economy and, by special interrogatories, found that an express warranty existed, that the warranty explicitly extended to future performance, that Continental had breached the warranty, and that Economy could not reasonably discover the defect until the time of the panels' future performance. After the jury found for Economy, the district court[2] granted a judgment notwithstanding the verdict and entered judgment for the defendant.

Relying on *Celotex*, the district court found that under Nebraska law, a buyer of goods must produce evidence of a specific time or date concerning future performance of those goods to trigger the discovery exception of § 2–725(2). The buyer's unilateral expectation of how the product will perform is insufficient to establish such a warranty. Instead, the buyer must show an agreement between the parties regarding the future performance of the product. *Moore v. Puget Sound Plywood, Inc.*, 214 Neb. 14, 332 N.W.2d 212 (1983). The trial court concluded that Economy's evidence established only a unilateral expectation that the siding and the paint on it would last for some undefined time into the future. Thus, the district court reasoned that because there was no explicit warranty for future performance, the discovery exception did not apply and the action was time barred.

At trial and on appeal, Economy has contended that the product's description in invoices as "exterior" siding gives rise to an express warranty. Economy further claims that the product standard, which states that the plywood is intended for "permanent" exterior exposure, extends the express warranty to future performance of the siding, including future performance of the paint. This evidence, Economy argues, when coupled with the parties' expectations of how the siding would be used, created an express agree-

---

1. Neb.Rev.Stat. U.C.C. § 2–725 (1980) provides:
   (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
   (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

2. The Honorable Richard E. Robinson, Senior United States District Judge for the District of Nebraska, presiding.

ment between the parties as to the future performance of the panels.

In rendering its judgment n.o.v., the district court found that Nebraska law requires a buyer who is relying on the discovery exception of § 2–725(2) to prove the existence of a warranty with an explicit reference to a future time period during which the seller warrants the product. *See Celotex,* 203 Neb. at 568, 279 N.W.2d at 609 (discovery exception "applies only where the seller *explicitly* states, for example, that the product will 'last for 10 years.'") (emphasis in original); *see also Moore,* 214 Neb. at 17, 332 N.W.2d at 215 (parties stipulated that siding would last the "lifetime" of the house).

 As the district court discussed, other jurisdictions support a similar interpretation to establish a future performance warranty. *See, e.g., R.W. Murray Co. v. Shatterproof Glass Corp.,* 697 F.2d 818, 823 (8th Cir.1983) (applying Missouri law); *Stumler v. Ferry-Morse Seed Co.,* 644 F.2d 667, 671–72 (7th Cir.1981) (Indiana law); *Standard Alliance Indus., Inc. v. Black Clawson Co.,* 587 F.2d 813, 820–21 (6th Cir.1978) (Ohio law), *cert. denied,* 441 U.S. 923, 99 S.Ct. 2032, 60 L.Ed.2d 396 (1979); *Spring Motors Distribs., Inc. v. Ford Motor Co.,* 191 N.J.Super. 22, 465 A.2d 530 (1983) (New Jersey law), *rev'd on other grounds,* 98 N.J. 555, 489 A.2d 660 (1985); 5 *Anderson on the Uniform Commercial Code* §§ 2–725:89 to :95 (3d ed. 1984). The overwhelming weight of authority requires a buyer like Economy to prove that its seller specifically warranted the product for a defined period of time in the future.

Economy conceded in oral argument in this court that it had not produced evidence of such an agreement.[3]

The judgment is affirmed.

---

**3.** On appeal, Economy opted not to provide us with a trial transcript and most of the exhibits, believing that the district court's error was one of law, not fact. In oral argument, Economy admitted that it had not put on evidence of a specific time period during which the warranty was to run because Nebraska law does not require it. Economy asks this court to decide the issue only on the basis of the district court's findings of law, not fact. But this approach assumes too much from our earlier holding reversing the grant of summary judgment. Our earlier holding contemplated that the plaintiff should have every opportunity to prove the par- ties' intent at the time of sale to create a warranty extending to a specific time in the future.

Our standard of review on a judgment n.o.v. requires us to assess the evidence and give the nonmovant the benefit of all reasonable inferences to be drawn from it. *Dace v. ACF Indus., Inc.,* 722 F.2d 374, 376 (8th Cir.1983), *supplemented,* 728 F.2d 976 (8th Cir.1984). Thus, the question is one of both law and fact. We agree with the district court's proper application of Nebraska law and find no evidence in the record before us that the parties explicitly warranted the siding for a defined period of time in the future.