**In the Matter of HOWE GRAIN, INC., Debtor.**

**Richard BUTLER, Trustee, Plaintiff,**

**v.**

**Raymond BANTZ, et al., Defendants.**

**Bankruptcy No. BK88–41022.
Adv. No. A93–4046.**

United States Bankruptcy Court,
D. Nebraska.

Dec. 13, 1994.

David H. Hahn, Lincoln, NE, for Richard Butler, Trustee.

Richard Koehler, Butler, MO, for Raymond Bantz, Clinton S. Bantz, John Blount and Dennis Bantz.

Ben Anderson, Lincoln, NE, for Marvin Caspers.

Terrence Poppe, Lincoln, NE, for Gordon Lee Kuker.

Thomas E. Ferneau, Lincoln, NE, for Fred Allen, Jr.

Paul Conley, Lincoln, NE, for Roger McMann.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

Before the court is the Motion for Summary Judgment by Defendants Raymond Bantz, Clinton Bantz, John Blount, and Dennis Bantz (Fil. # 82), the Resistance by the Trustee (Fil. # 95), the Motion to Disqualify by the Trustee (Fil. # 107), the Objections to the Motion to Disqualify (Fils. # 109, # 111, and # 113), and the Exception by Defendant Roger McMann to Plaintiff's Brief (Fil. # 104). I conclude that Mr. Richard Koehler, counsel for defendants, Raymond Bantz, Clinton Bantz, John Blount, and Dennis Bantz, should be disqualified from further participation in this case. I also conclude that the Motion for Summary Judgment should be denied.

### FINDINGS OF FACT

On June 27, 1988, the assets of Howe Grain, Inc. were seized by the Nebraska Public Service Commission. Howe Grain, Inc. filed Chapter 11 Bankruptcy on October 19, 1988. Defendants were officers and/or directors of Howe Grain, Inc., debtor-in-possession. Mr. Richard Koehler represented the debtor corporation. On April 16, 1990, Howe Grain, Inc. was dissolved by the Secretary of State for the State of Nebraska for failure to pay its Corporate Occupation Tax. The bankruptcy case was converted to Chapter 7 and a trustee was appointed on October 15, 1991. The Chapter 7 trustee commenced this adversary proceeding on April 22, 1993, asserting that the defendants breached their fiduciary duties to the corporation, and seeking a judgment against the defendants jointly and severally in the amount of $1,250,000.00, plus interest. The trustee is represented by Mr. David Hahn for the limited purposes of this adversary proceeding. Mr. Hahn has also represented, and continues to represent creditors of the debtor corporation in actions pending in state court against the officers and directors of Howe Grain, Inc.

Defendants Raymond Bantz, Clinton Bantz, John Blount, and Dennis Bantz, represented by Mr. Richard Koehler, have filed a Motion for Summary Judgment, asserting that the action of the trustee is barred by the statute of limitations under either the Nebraska four year statute of limitations for negligence actions, § 25–207, or the Nebraska two year survival statute for actions in regard to dissolved corporations, § 21–20,-104.

On September 1, 1994, a Certificate of Revival was issued, indicating that Howe Grain, Inc. had been revived and was a corporation in good standing.

Subsequent to the Motion for Summary Judgment, the trustee filed a Motion to Disqualify seeking to disqualify Mr. Koehler from further representation in this case as a result of a conflict of interest. In response, the defendants assert that Mr. Hahn should also be disqualified.

## LEGAL STANDARD FOR SUMMARY JUDGMENT

■ Summary judgment is properly granted when the court determines that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Federal Rule of Bankruptcy Procedure 7056(c). In making these determinations, the court must view the facts in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences from the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–90, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986); *Kegel v. Runnels*, 793 F.2d 924, 926 (8th Cir.1986).

## DISCUSSION

I conclude that Mr. Koehler has an impermissible conflict of interest and should be disqualified in this case. I also conclude that the Motion for Summary Judgment should be denied as a result of Mr. Koehler's conflict of interest through previous representation of the debtor-in-possession.

*Motion to Disqualify*

■ Mr. Koehler previously represented the debtor-in-possession, Howe Grain, Inc., at the time the Chapter 11 bankruptcy was filed in October of 1988. As a result, Mr. Koehler became aware of potential claims of the corporation against the officers and directors but did not prosecute these claims. Mr. Koehler is now representing the officers and directors in defense of this action, in which the trustee is alleging that the officers and directors breached fiduciary duties owed to the corporation. I conclude that this situation creates an impermissible conflict of interest, and, consequently, Mr. Koehler should be disqualified. See *Matter of Joy*, 175 B.R. 303 (Bankr.D.Neb.1994).[1] I conclude this is an obvious conflict of interest that cannot be waived, and that Mr. Koehler should never have undertaken to represent the defendants herein. Not only does this conflict impair the judicial process, it is a disservice to Mr. Koehler's client in this case, who must now obtain new counsel. Because of this conflict, I conclude that Mr. Koehler should not be paid any compensation for legal services rendered and expenses incurred in connection with this adversary proceeding. Mr. Koehler shall be ordered to repay any compensation in regard to this adversary proceeding that has been previously received.

■ I conclude that Mr. Hahn should not be disqualified from representing the trustee for purposes of this adversary proceeding. Mr. Hahn is representing the trustee only in regard to this adversary proceeding. Although Mr. Hahn has previously represented, and continues to represent, unsecured creditors of the debtor, this dual representation does not present a conflict of interest. The trustee and the unsecured creditors have a community of interest in recovering funds for the benefit of creditors of the debtor. Furthermore, the fact that Mr. Hahn has been involved in litigation against the directors and officers involving the same operative facts and theories is cost-effective for the trustee and the bankruptcy estate.

---

1. Attached hereto.

Therefore, I conclude that Mr. Koehler should be disqualified from further representation in this adversary proceeding and the underlying bankruptcy case, but Mr. Hahn may continue to represent the trustee for purposes of this adversary proceeding.

## Motion for Summary Judgment

The defendants assert two separate bases under Nebraska law for barring this action, § 21–20,104 and § 25–207. I conclude that § 21–20,104 is not applicable since the corporation has been revived. I also conclude that summary judgment should be denied under § 25–207 at this time, pending the opportunity for further discovery by the trustee.

### Section 21–20,104

The first argument of the defendants is that the action of the trustee is barred by Nebraska Revised Statutes § 21–20,104 since it was not commenced within two years of when the corporation was dissolved, which was in April of 1990. I conclude that this is not the case. Section 21–20,104 is a survival statute, not a statute of limitations, and it allows a dissolved corporation to sue or be sued within two years of dissolution. *McCormack v. Citibank,* 241 Neb. 436, 489 N.W.2d 293, 297 (1992) (citations omitted); Neb.Rev.Stat. § 21–20,104 (Reissue 1991). However, when a corporation is revived and its good corporate standing is reinstated, § 21–20,137 of the Nebraska Revised Statutes provides that all matters based on actions that took place during or before dissolution are vested in the corporation upon revival as if no dissolution had occurred. *Id.* 489 N.W.2d at 296–98; Neb. Rev.Stat. § 21–20,137 (Reissue 1991).

In *McCormack,* a corporation was dissolved in April of 1987, and the complaint against the corporation was not filed until September of 1989, more than two years after dissolution. *McCormack,* 489 N.W.2d at 297. The corporation in *McCormack* was revived in October of 1989. *Id.* The Supreme Court of Nebraska held, based on § 21–20,104 and § 21–20,137, that the complaint against the corporation was not time barred since the corporation was revived and revested with its previous liabilities and rights. *Id.* 489 N.W.2d at 297–98. The same reasoning is applicable to the facts of this case, and the claim by the trustee should not be barred by § 21–20,104. Upon revival, Howe Grain, Inc. was revested with its rights against the former directors and officers of the corporation. Claims of the corporation against officers and directors constitute property of the bankruptcy estate and are vested in the Chapter 7 trustee.

### Section 25–207

The second argument of defendants is that, even if § 21–20,104 does not apply to the facts of this case, the action of the trustee is barred by § 25–207, which is the Nebraska four year statute of limitations for general tort actions. Neb.Rev.Stat. § 25–207 (Reissue 1989). The parties agree that the actions of the directors and officers which form the basis of this litigation occurred prior to June of 1988, the time at which Howe Grain, Inc. ceased doing business. Furthermore, the defendants' actions were discovered by Mr. Hahn in 1988 by depositions taken of the directors and officers, and such information was conveyed immediately by Mr. Hahn to Mr. Koehler as counsel for the debtor-in-possession. Thus, the acts complained of occurred and were discovered by Mr. Hahn and Mr. Koehler more than four years before this case was commenced by the trustee in April of 1993. The trustee does not dispute the applicability of § 25–207. However, the trustee asserts that he was not appointed until October 15, 1991, and did not discover the actions of the directors or have authority to bring an action until that time. The trustee argues that, pursuant to § 108(a)(2) of the Bankruptcy Code, he should be allowed two years from his appointment, which would be October of 1993, in which to bring an action.

Section 108(a) of the Bankruptcy Code provides that where the applicable statute of limitations has not expired prior to the bankruptcy filing, the trustee can commence an action within the latter of "(1) the end of such period, including any suspension . . . or . . . (2) two years after the order for relief. . . ." 11 U.S.C. § 108(a) (1994). If a statute of limitations expires before bankruptcy is filed, the trustee is not entitled to an extension of time under § 108(a). However, on the facts of this case, there is no contention that the statute of limitations ex-

pired prior to the commencement of the bankruptcy case, and the court has not been presented evidence to this effect.

█ The trustee argues that § 108(a)(2) should be given a broad interpretation in this case to allow the trustee two full years after appointment to bring this action. There is some decisional law in support of this position. See *In re Bingham Systems, Inc.,* 139 B.R. 809 (Bankr.N.D.Miss.1991). The *Bingham* case held that where a case is converted to Chapter 7, so that a trustee is appointed some time after commencement, § 108(a)(2) should be given a liberal interpretation, and the trustee should be given two years from his or her appointment, rather than from the date the original case was commenced, in which to file suit. *Id.* at 811–14. On the facts of this case, this would give the trustee until October of 1993 to commence an action, well beyond the actual commencement date of April 1993. However, I respectfully disagree with the *Bingham* decision.

The reasoning of *Bingham* runs counter to the express language of § 108(a)(2). Section 108(a)(2) is not tied to the time a trustee is appointed; this section explicitly provides that the two year time period runs from the time of the order for relief. 11 U.S.C. § 108(a)(2) (1994). In a voluntary bankruptcy case, the filing of the bankruptcy petition constitutes the order for relief, and conversion does not alter this result. See 11 U.S.C. § 348(a) (1994). Congress understood how to draft a limitations period to commence upon appointment of a trustee, as is evident in § 546(a). 11 U.S.C. § 546(a) (1994) (both pre and post October 1994 amendments). Therefore, the fact that Congress did not draft § 108(a)(2) to commence upon the appointment of the trustee should be taken to be a deliberate action, and a contrary meaning should not be read into the language of § 108(a)(2).

█ Furthermore, the *Bingham* decision unjustifiably extends statutes of limitation, thereby defeating the purpose and policy behind such statutes. Statutes of limitation serve the important purpose of permitting prospective defendants to proceed in life without fear of indefinite litigation from past transactions. The time period set forth in statutes of limitation should not be automati-

cally extended by judicial decree solely because a trustee is appointed. In bankruptcy cases, an automatic two year extension of time upon appointment of a trustee is unnecessary. Creditors of a Chapter 11 debtor-in-possession have adequate remedies available if the debtor-in-possession does not act to diligently pursue claims held by the estate—creditors may conduct Bankruptcy Rule 2004 exams, seek appointment of an examiner, and file motions to compel the debtor-in-possession to prosecute claims.

I also conclude that § 108(a)(2) should not be interpreted as provided in *Bingham* because § 108(a)(1) provides an extension of time in circumstances under which state law would suspend or toll the running of a statute of limitations. In light of § 108(a)(1) and Section 546(a), there is no reason to expand the two year limit imposed by Section 108(a)(2).

█ I conclude that the two year extension period provided in § 108(a)(2) commenced to run upon the filing of the original Chapter 11 bankruptcy petition in 1988. This extension expired in October of 1990, well before the action by the trustee was commenced. Consequently, the action by the trustee is not allowed under § 108(a)(2). However, the action of the trustee may be allowed under Section 108(a)(1) if suspension or tolling is warranted.

█ The limitations period of § 25–207 is four years. Generally, actions under § 25–207 accrue at the time the aggrieved party has a right to bring suit, regardless of lack of knowledge. *Grand Island School District # 2 v. Celotex Corp.,* 203 Neb. 559, 279 N.W.2d 603, 606 (1979) (citations omitted); *Omaha Paper Stock Co. v. Martin K. Eby Construction Co.,* 193 Neb. 848, 230 N.W.2d 87, 89 (1975). However, in limited circumstances, the statute of limitations does not begin to accrue until the aggrieved party has inquiry notice of the claim. Examples of these types of actions include claims for fraud or malpractice. *Omaha Paper Stock Co.,* 230 N.W.2d at 850. Furthermore, in some situations, courts may apply equitable principles to toll the running of a statute of limitations. See 54 C.J.S. *Limitation of Actions* § 86 et seq. (1987). In Nebraska case law it has been stated *in dicta* that tolling

principles will not be applied to suspend a state statute of limitations period unless such principles are expressly provided in the statute itself. *Farr v. Designer Phosphate and Premix International,* 804 F.Supp. 1190, 1199 (D.Neb.1992). However, I conclude that Nebraska courts may allow equitable tolling in the situation where a corporate debtor-in-possession is under the exclusive control of the parties accused of wrongdoing. Further discovery is needed in this case to determine, among other things, if such a situation existed in this case, or if there is a viable claim giving rise to an applicable suspension. Given Mr. Koehler's conflict of interest, I conclude time for additional discovery shall be permitted.

■ This court has also considered whether the running of the statute of limitations in this case is tolled by the filing of an action to pierce the corporate veil in the District Court of Nemaha County, Nebraska by a creditor of the debtor, Ms. Joyce Oetjen, against the officers and directors of Howe Grain, Inc. I conclude that the state court action did not toll the running of the statute of limitations for purposes of this case. Although both claims involve the same operative facts, the claims involve different plaintiffs and different theories of relief. The action by Joyce Oetjen is an action to pierce the corporate veil on behalf of a creditor against the officers and directors of Howe Grain, Inc. In contrast, the present case involves a claim by the corporation against the officers and directors for breach of fiduciary duty. Different duties are involved, and liability is sought on behalf of different parties. Therefore, I conclude that the filing of the state court action by a creditor of the corporation did not stay the running of the statute of limitations in this case. See *Sluka v. Herman,* 229 Neb. 200, 425 N.W.2d 891 (1988).

■ In oral arguments it was suggested that this action may be an action on behalf of creditors as the result of an alleged assignment of creditors to the trustee. This assertion requires separating the analysis in regard to two separate claims by the trustee, one on behalf of the corporation against the officers and directors for breach of fiduciary duties, and another on behalf of creditors to pierce the corporate veil. It has been held by the Eighth Circuit Court of Appeals, that the Bankruptcy Code does not provide authority to the trustee to maintain an action on behalf of creditors to pierce the corporate veil. *In re Ozark Restaurant Equipment Co.,* 816 F.2d 1222, 1230–31 (8th Cir.1987). Thus, to the extent such relief is sought by the trustee, I conclude that the complaint fails to state a claim for which relief can be granted. In regard to the alleged actual assignment of claims by creditors against the corporate officers and directors, I conclude that although the assignment may give the trustee authority to prosecute such claims, prosecution in federal court is not appropriate, and I hereby abstain from such proceedings, as the claims are not asserted by or against the bankruptcy debtor. The claims of creditors do not involve interests of the debtor or the bankruptcy estate in general.

Finally, this court has received and reviewed the Exception to the trustee's brief filed on behalf of Roger McMann, one of the other defendants in this adversary proceeding. It appears that Mr. McMann may have a meritorious claim for dismissal or summary judgment. However, Mr. McMann has not filed appropriate motions with the court, and such matters are not before the court at this time. Therefore to the extent that the Exception requests relief, it is denied. Notwithstanding this ruling, Mr. McMann is free to file an appropriate motion with the court upon the expiration of 90 days, as further set forth below.

■ In summary, I conclude that Mr. Koehler should be disqualified, as a result of Mr. Koehler's previous representation of the debtor-in-possession. I further conclude that it would be inappropriate to grant summary judgment at this time. Mr. Koehler's representation of the debtor-in-possession may have impaired prosecution of this case by the Chapter 7 trustee, may have provided defendants with an unfair advantage, and may have hindered discovery of facts by the trustee upon which suspension or tolling of the statute of limitations could be warranted. This is admittedly conjectural, but further discovery should be permitted by the trustee to safeguard the integrity of the legal process.

IT IS THEREFORE ORDERED, that the Motion to Disqualify (Fil. # 107) is grant-

ed. Mr. Richard Koehler is hereby disqualified from further representation in this adversary proceeding or the underlying bankruptcy case.

IT IS FURTHER ORDERED, that Mr. Koehler shall not receive any compensation for his services in regard to this adversary proceeding, and shall repay any compensation previously received in regard to this adversary proceeding. Within thirty (30) days hereof, Mr. Koehler shall file an affidavit showing that he has complied with this order.

IT IS FURTHER ORDERED, that the Motion for Summary Judgment (Fil. # 82) is denied.

IT IS FURTHER ORDERED, that the trustee's claim against defendants pursuant to an actual written assignment of claims is dismissed without prejudice.

IT IS FURTHER ORDERED, that the trustee shall be given (90) ninety days from today to complete further discovery and file an amended complaint or pretrial statement. Upon the expiration of (90) ninety days, defendants are free to renew their motions for summary judgment with new counsel.

## ATTACHMENT

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:

KIRBY AND RUTH JOY,

Debtors.

JOSEPH H. BADAMI, TRUSTEE,

Plaintiff,

vs.

K.E. JOY, P.C.,

Defendant.

CASE NO. BK92–41752

CHAPTER 11

ADV. PROCEEDING NO. A93–4041

### MEMORANDUM

In this fraudulent conveyance action brought by the Chapter 11 trustee, I hold that former counsel to the debtor-in-possession is ethically disqualified from representing the defendant.

Counsel for the defendant, Mr. John Guthery, has filed a motion seeking a determination of his ability to continue as counsel in this adversary proceeding. This is an action by the trustee to recover alleged fraudulent transfers from the debtors to K.E. Joy, P.C. (the "corporation"). The trustee objects to Mr. Guthery's representation of the defendant on the theory that a conflict of interest exists between the interests of the defendant K.E. Joy, P.C. and the interests and duties of the debtors-in-possession, whom Mr. Guthery formerly represented in the underlying bankruptcy. The Model Code of Professional Responsibility governs the conduct of attorneys before the United States District Court for the District of Nebraska, and therefore also applies to members of the bar appearing before this bankruptcy court. See Neb. R.Bankr.P. 1001(C)(1); NELR 83.4, 83.5. I conclude that the continued representation of the defendant in this adversary by Mr. John Guthery is prohibited by Canons 4 and 9 of the Model Code of Professional Responsibility.

### FACTS

Kirby and Ruth Joy filed a voluntary petition for relief under Chapter 12 of the Bankruptcy Code. The case was subsequently converted to Chapter 11 and thereafter a trustee was appointed for cause. Mr. John Guthery represented the debtors in their individual capacity at the time the case was commenced. Mr. Guthery also represented the debtors-in-possession before a trustee was appointed. Upon appointment of the trustee, the debtor was no longer entitled to possession of property of the estate, the "debtors-in-possession" became an nullity, and Mr. Guthery's representation of the "debtors-in-possession" ceased. Currently, Mr. Guthery continues to represent the debtors, Kirby and Ruth Joy, in their individual capacity, and he represents the defendant K.E. Joy, P.C. in this adversary proceeding.

K.E. Joy, P.C. is a corporation primarily owned and operated by Kirby Joy, one of the debtors in the underlying bankruptcy. As a result of the investigation of the debtors conducted by the trustee, it was discovered that funds were transferred by the debtors to the corporation. The trustee is seeking to recover these transfers as fraudulent conveyances under § 548 of the Bankruptcy Code. The trustee asserts that there is an inherent conflict between Mr. Guthery's representation of the defendant corporation in this fraudulent conveyance action and Mr. Guthery's former representation of the debtors-in-possession.

### DISCUSSION

When Mr. Guthery filed the underlying bankruptcy action on behalf of the debtors, the bankruptcy estate was created. Property of the bankruptcy estate includes all claims of the debtors against the corporation, K.E. Joy, P.C. Furthermore, a debtor-in-possession is under a fiduciary obligation to assert such claims on behalf of the estate. See *In re Lee*, 94 B.R. 172, 178–79 (Bankr. C.D.Cal.1988). Thus, when Mr. Guthery was acting as counsel for the debtors-in-possession his clients were under a fiduciary duty to investigate the claim against the corporation regarding the transfer of funds, and to prosecute such claim on behalf of the estate if it was discovered to be of merit. This interest and duty to prosecute claims against K.E. Joy P.C. on behalf of the estate is adverse to the interest of K.E. Joy P.C. in retaining funds transferred to it by the debtors. As a result of this conflict of interest, Mr. Guthery would certainly have been disqualified from concurrently representing the debtors-in-possession and the corporation. C.f. *In re Lee*, 94 B.R. at 180 (stating that the same counsel may not represent two bankruptcy estates where there exists prepetition transfers of assets from one debtor to the other in a transaction that is not at arms length); MODEL CODE OF PROFESSIONAL RESPONSIBILITY DR 5–105 (1993). I conclude that Mr. Guthery is also prohibited from representing the debtors-in-possession and the defendant K.E. Joy P.C. successively.

MODEL CODE OF PROFESSIONAL RESPONSIBILITY Canons 4 and 9 (1993).

Canon 4 of the Model Code provides that "A lawyer should preserve the confidences and secrets of a client." MODEL CODE OF PROFESSIONAL RESPONSIBILITY Canon 4 (1993). Cannon 9 provides that "A lawyer should avoid even the appearance of professional impropriety." MODEL CODE OF PROFESSIONAL RESPONSIBILITY Canon 9 (1993). Once an attorney-client relationship is found, an irrefutable presumption that confidences were disclosed arises. *In re Olson*, 21 B.R. 123 (Bankr.D.Neb.1982). Furthermore, confidential disclosures, whether actual or presumed, require that an attorney be disqualified from representing an interest that is adverse in a related matter. See *State v. Dean Foods Products Co., Inc.*, 605 F.2d 380, 385 (reversed on other grounds) citing *American Can Company v. Citrus Feed Co.*, 436 F.2d 1125, 1128 (5th Cir.1971); *In re Davenport Communications*, 109 B.R. 362, 366 (Bankr.S.D.Ia.1990).

I conclude that the continued representation of the defendant corporation by Mr. Guthery raises a problem of client confidentiality and an appearance of impropriety on the facts of this case. It is not disputed that Mr. Guthery had an attorney-client relationship with the debtors as debtors-in-possession. It is also not disputed that Mr. Guthery has a present attorney-client relationship with the debtors as individuals and with K.E. Joy, P.C. It is also apparent that the interests of the debtors-in-possession with attendant duties owed to the estate, and the interests of the corporation are adverse and are sufficiently factually related to warrant disqualification. See *In re Blinder, Robinson & Co.*, 123 B.R. 900 (Bankr.D.Colo.1991). The debtors-in-possession were under a fiduciary duty to pursue actions on behalf of the estate for the benefit of creditors of the estate, while the corporation in this case seeks to prevent certain assets from becoming part of the bankruptcy estate, and therefore seeks to prevent these assets from being paid out to creditors of the estate. Mr. Guthery is in a position to take advantage of information previously revealed to him by the debtors as debtors-in-possession in an effort to frustrate

and hinder the duties of the trustee and former debtors-in-possession to administer the bankruptcy estate for the benefit of all creditors therein. As a result, I conclude that Mr. Guthery is prohibited from continuing as counsel for the defendant K.E. Joy P.C. in this adversary matter.

IT IS THEREFORE ORDERED, that Mr. John Guthery and his law firm are hereby prohibited from acting as counsel for the defendant K.E. Joy, P.C. in this adversary matter.

DATED this 24th day of May, 1994.

BY THE COURT:
/s/John C. Minahan, Jr.
John C. Minahan, Jr.
United States Bankruptcy Judge

Copy to: John Guthery
Victor E. Covalt
U.S. Trustee