**In the Matter of Kirby and Ruth JOY, Debtors.**

**Joseph H. BADAMI, Trustee, Plaintiff,**

**v.**

**K.E. JOY, P.C., Defendant.**

**Bankruptcy No. BK92–41752.
Adv. No. A93–4041.**

United States Bankruptcy Court,
D. of Nebraska.

May 24, 1994.

Victor E. Covalt, III, Lincoln, NE, for Joseph H. Badami, Trustee.

John M. Guthery, Lincoln, NE, for Kirby and Ruth Joy, debtors and K.E. Joy, P.C., A Nebraska Corp., defendant.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

In this fraudulent conveyance action brought by the Chapter 11 trustee, I hold that former counsel to the debtor-in-possession is ethically disqualified from representing the defendant.

Counsel for the defendant, Mr. John Guthery, has filed a motion seeking a determination of his ability to continue as counsel in this adversary proceeding. This is an action by the trustee to recover alleged fraudulent transfers from the debtors to K.E. Joy, P.C. (the "corporation"). The trustee objects to Mr. Guthery's representation of the defendant on the theory that a conflict of interest exists between the interests of the defendant K.E. Joy, P.C. and the interests and duties of the debtors-in-possession, whom Mr. Guthery formerly represented in the underlying bankruptcy. The Model Code of Professional Responsibility governs the conduct of attorneys before the United States District Court for the District of Nebraska, and therefore also applies to members of the bar appearing before this bankruptcy court. See Neb. R.Bankr.P. 1001(C)(1); NELR 83.4, 83.5. I conclude that the continued representation of the defendant in this adversary by Mr. John Guthery is prohibited by Canons 4 and 9 of the Model Code of Professional Responsibility.

### FACTS

Kirby and Ruth Joy filed a voluntary petition for relief under Chapter 12 of the Bankruptcy Code. The case was subsequently converted to Chapter 11 and thereafter a trustee was appointed for cause. Mr. John Guthery represented the debtors in their individual capacity at the time the case was commenced. Mr. Guthery also represented the debtors-in-possession before a trustee

was appointed. Upon appointment of the trustee, the debtor was no longer entitled to possession of property of the estate, the "debtors-in-possession" became an nullity, and Mr. Guthery's representation of the "debtors-in-possession" ceased. Currently, Mr. Guthery continues to represent the debtors, Kirby and Ruth Joy, in their individual capacity, and he represents the defendant K.E. Joy, P.C. in this adversary proceeding.

K.E. Joy, P.C. is a corporation primarily owned and operated by Kirby Joy, one of the debtors in the underlying bankruptcy. As a result of the investigation of the debtors conducted by the trustee, it was discovered that funds were transferred by the debtors to the corporation. The trustee is seeking to recover these transfers as fraudulent conveyances under § 548 of the Bankruptcy Code. The trustee asserts that there is an inherent conflict between Mr. Guthery's representation of the defendant corporation in this fraudulent conveyance action and Mr. Guthery's former representation of the debtors-in-possession.

### DISCUSSION

When Mr. Guthery filed the underlying bankruptcy action on behalf of the debtors, the bankruptcy estate was created. Property of the bankruptcy estate includes all claims of the debtors against the corporation, K.E. Joy, P.C. Furthermore, a debtor-in-possession is under a fiduciary obligation to assert such claims on behalf of the estate. See *In re Lee*, 94 B.R. 172, 178-79 (Bankr. C.D.Cal.1988). Thus, when Mr. Guthery was acting as counsel for the debtors-in-possession his clients were under a fiduciary duty to investigate the claim against the corporation regarding the transfer of funds, and to prosecute such claim on behalf of the estate if it was discovered to be of merit. This interest and duty to prosecute claims against K.E. Joy P.C. on behalf of the estate is adverse to the interest of K.E. Joy P.C. in retaining funds transferred to it by the debtors. As a result of this conflict of interest, Mr. Guthery would certainly have been disqualified from concurrently representing the debtors-in-possession and the corporation. C.f. *In re Lee*, 94 B.R. at 180 (stating that

the same counsel may not represent two bankruptcy estates where there exists pre-petition transfers of assets from one debtor to the other in a transaction that is not at arms length); MODEL CODE OF PROFESSIONAL RESPONSIBILITY DR 5-105 (1993). I conclude that Mr. Guthery is also prohibited from representing the debtors-in-possession and the defendant K.E. Joy P.C. successively. MODEL CODE OF PROFESSIONAL RESPONSIBILITY Canons 4 and 9 (1993).

Canon 4 of the Model Code provides that "A lawyer should preserve the confidences and secrets of a client." MODEL CODE OF PROFESSIONAL RESPONSIBILITY Canon 4 (1993). Cannon 9 provides that "A lawyer should avoid even the appearance of professional impropriety." MODEL CODE OF PROFESSIONAL RESPONSIBILITY Canon 9 (1993). Once an attorney-client relationship is found, an irrefutable presumption that confidences were disclosed arises. *In re Olson*, 21 B.R. 123 (Bankr.D.Neb.1982). Furthermore, confidential disclosures, whether actual or presumed, require that an attorney be disqualified from representing an interest that is adverse in a related matter. See *State v. Dean Foods Products Co., Inc.*, 605 F.2d 380, 385 (reversed on other grounds) citing *American Can Company v. Citrus Feed Co.*, 436 F.2d 1125, 1128 (5th Cir.1971); *In re Davenport Communications*, 109 B.R. 362, 366 (Bankr.S.D.Ia.1990).

I conclude that the continued representation of the defendant corporation by Mr. Guthery raises a problem of client confidentiality and an appearance of impropriety on the facts of this case. It is not disputed that Mr. Guthery had an attorney-client relationship with the debtors as debtors-in-possession. It is also not disputed that Mr. Guthery has a present attorney-client relationship with the debtors as individuals and with K.E. Joy, P.C. It is also apparent that the interests of the debtors-in-possession with attendant duties owed to the estate, and the interests of the corporation are adverse and are sufficiently factually related to warrant disqualification. See *In re Blinder, Robinson & Co.*, 123 B.R. 900 (Bankr.D.Colo.1991). The

debtors-in-possession were under a fiduciary duty to pursue actions on behalf of the estate for the benefit of creditors of the estate, while the corporation in this case seeks to prevent certain assets from becoming part of the bankruptcy estate, and therefore seeks to prevent these assets from being paid out to creditors of the estate. Mr. Guthery is in a position to take advantage of information previously revealed to him by the debtors as debtors-in-possession in an effort to frustrate and hinder the duties of the trustee and former debtors-in-possession to administer the bankruptcy estate for the benefit of all creditors therein. As a result, I conclude that Mr. Guthery is prohibited from continuing as counsel for the defendant K.E. Joy P.C. in this adversary matter.

IT IS THEREFORE ORDERED, that Mr. John Guthery and his law firm are hereby prohibited from acting as counsel for the defendant K.E. Joy, P.C. in this adversary matter.